## JOHNSON *vs.* REESE.

The effect of the Sheriff's failure to advertise his sale, at three or more of the most public places in the county, is not to render the sale void, but the Sheriff liable for any loss that may, by reason of such failure, happen to any one interested.

In equity, in Glasscock Superior Court. Decision by Judge THOMAS, at Chambers, November 8, 1858.

This was a bill for relief and injunction, filed by Asa Johnson, against Agustus C. Reese, Sheriff of Glasscock county, and others. The object of the bill was to set aside a sale of complainant's land, made by Reese, as Sheriff, under certain fi. fas. The bill states that by virtue of sundry executions issued from a Justice Court, against complainant, the land belonging to him, consisting of one hundred and eighty acres, was levied upon by a constable, who returned said levy to the sheriff of Glasscock county; that said sheriff advertised said land in the Constitutionalist, a newpaper published in the city of Augusta, to be sold on the first Tuesday in July, 1858; that there was a crop of cotton and corn growing on the

23

place at the time, worth about four hundred dollars, and which was not excepted in the levy, or at the sale.

The bill further states that said land was sold on the first Tuesday in July, 1858, without being advertised as required by law; in this, that it was not advertised at three public places in said county, or at any place, public or private, but the only advertisement of sale was that contained in the Constitutionalist, as above mentioned.

The bill further states, that on the day of sale complainant protested against this sale, for the reason that the same had not been legally advertised: that notwithstanding said protest, the sheriff proceeded with said sale, and sold the land to one Edwin A. Brinkley, for the sum of four hundred dollars, he being, at that price, the highest and best bidder for the same; but said land was worth more than twice that amount, besides the crop growing thereon; that Brinkley shortly afterwards sold said land to Elcary Todd, for seven hundred dollars.

The bill prays that the sale made by the sheriff be set aside; that the deeds from the sheriff to Brinkley, and from Brinkley to Todd, be cancelled, and declared null and void; and that the sheriff be restrained from putting the said purchaser or his assigns into possession of said land, &c.

Upon the coming in of the answer, defendant moved to dissolve the injunction which had been granted in the cause, on the grounds—

1st, That the act of 1799, which declares that the sheriff shall advertise sales of land in one of the Gazettes of the State, and in three of the most public places in the county, is repealed by the act of 1850.

2d. That there was no equity in the bill.

3d. That the bill had been fully sworn off by the answer.

4th. That complainant has an adequate remedy at law.

After argument, the Chancellor granted the motion

Johnson vs. Reese.

dissolving the injunction.   To which decision counsel for complainant excepted.

E. H. POTTLE, for plaintiff in error.

WARDEN & NELMS and A. H. STEPHENS, *contra.*

*By the Court.*—BENNING, J., delivering the opinion.

Was the Court below right in sustaining the motion to dissolve the injunction?   One of the grounds of the motion was, that there was no equity in the bill.   If that ground was good, the answer must of course be in the affirmative.

Is it true, then, that there was no equity in the bill?

Both the first and the second purchaser bought with notice of the sheriff's omission to advertise the sale of the land "in three of the most public places in the county;" but there was no collusion between twem, or either of them, and the sheriff.   The question, therefore, is, did this omission in the sheriff, and their notice of the omission, render the sheriff's sale void?

If, notwithstanding the omission, the sheriff had, still, *authority* to sell, the sale was not void, but was valid?   Did the sheriff, then, have authority to sell?   It is conceded that he had, unless the 33d section of the Judiciary act of 1799 deprived him of the authority.   That section is as follows: "No sales in future shall be made by the sheriff, of property taken under execution, but on the first Tuesday in each month, and between the hours of ten and three in the day; and it shall be the duty of the sheriff to give thirty day's notice in one of the public gazettes of the State, of all sales of lands and other property executed by him, and also advertise the same in three of the most public places in the county where such sales are to be made, and shall give a full and complete description of the property to be sold, making known the name of the

defendant, and the person who may be in possession of the property, except horses, hogs and cattle, which may be sold at any time, by the consent of the defendant; and in which case it shall be his duty to give the plaintiff ten days notice thereof, and also to advertise the same in three or more of the most public places in the county where such property may be, at least ten days before the sale." Cobb 509. This section says, then, that it shall be *"the duty"* of the sheriff to advertise his sales, in three of the most public places in the county? But is that saying that if he fails so to advertise, his *authority* to sell shall cease, and, any sale made by him shall be void? We think not. The first part of the section says, "No sales" "shall be made" "but on the first Tuesday in each month, and between the hours of ten and three." This is stronger. This amounts to saying that the sheriff shall not have *authority* to sell at any other time. After this, when it comes to speaking of the advertisement, the form of expression changes, and becomes weaker. It shall be *the duty* of the sheriff to advertise his sales, &c., not that no sale shall be made unless he does so advertise them. Such is the form the expression then assumes.

Some effect ought, we think, to be given to this charge, in the form of the expression. And the least effect to be given to it seems to be to say that the intention was that the sale should be valid, notwithstanding the omission to advertise it, but that the sheriff should be liable to make good any loss happening to any one interested, occasioned by the omission to advertise. And giving this effect to it, would be doing what would be best for both the plaintiff and the defendant in the *fi fa.*; for it would operate to encourage persons to become bidders for the property, and to encourage bidders to run the property to its value.

We think, then, that the only effect of the sheriff's omission to advertise this land, in three of the most pub-

lic places of the county, was to render himself liable to whomsoever the omission injured, to make good the injury. We think that the effect did not go further, and render the sale void.

Consequently, we think that there was no equity in the bill, and, therefore, that the judgment dissolving the injunction was right. Taking this view of the case, it becomes unnecessary to notice several other questions which were argued.

If there had been a fraudulent collusion between the purchaser and the sheriff, the case might have been different.

Judgment affirmed.