GUNN, administrator, *v.* SLAUGHTER.

1. There being no exception to the judge's charge, the evidence sustaining the verdict on the main question in issue, and the judge being satisfied therewith, his discretion in refusing a new trial will not be interfered with.

2. Where an execution was against one as principal and two as sureties, and was levied on the land of one of the sureties, at the sheriff's sale under which levy the defendant's predecessor in estate purchased, and complaint for the land so sold was brought against such defendant, it was not error to refuse to allow the other surety to testify that he had been released by the plaintiff in execution from all liability on the *fi. fa.*, it appearing that the release was in writing. Nor would it have been proper to allow the proof to be made by the original release itself, to bind such defendant. Such release would not invalidate a sale made under the *fi. fa* to an innocent purchaser, especially as the security who was not released took no steps to have the *fi. fa.* declared invalid or settled by a legal proceeding, or if he took any, withdrew them.

3. It was not error to omit to charge as to the discrepency between the price the land brought at sheriff's sale and the value of it. No request was made to charge upon this subject; and though the price brought at the sale seems to have been very small, no fraud on the part of any one is charged in procuring the levy to be made or in making the sale. Mere inadequacy of price will not avoid a sale.

May 20, 1889.

Verdict. Evidence. Principal and surety. *Bona fides.* Sales. Before EMMETT WOMACK, Esq., judge *pro hac vice.* Butts superior court. March term, 1888.

This case was an action of complaint for land, bought by Mary Henrietta Gunn against Isaac Slaughter. The plaintiff having died during the progress of the cause, her administrator was made a party in her stead. On the trial, it appeared that both parties claimed under Alexander Saunders, the plaintiff by deeds from said Saunders and wife to Whitfield, from Whitfield to Head, and from Head to plaintiff; the defendant, through

a sheriff's deed which it was claimed conveyed the
land by virtue of a sheriff's sale under levy of an execu-
tion in favor of A. W. Cozart *v.* Simon H. Saunders,
principal, and Thos. J. and Alexander Saunders, securi-
ties.    Plaintiff introduced the deeds mentioned as those
under which she claimed title, the deed to Whitfield be-
ing dated January 15th, 1875.    The land is described as
"lying on the east side of Alexander Saunders' home
place, lying and being on the public road from Indian
Spring to Griffin, . . . containing fifty-three acres, more
or less, being [bounded] on the north by the lands of
Jesse F. Cleveland, east by the widow Head place, south
by the Harrel N. Byars place.

Alexander Saunders, for plaintiff, swore that he had
been in possession of the land in dispute more than
twenty years before he sold to Whitfield.   Whitfield
sold and delivered possession to Head, who sold and
delivered possession to Mrs. Gunn, and she or her agent
was in possession at the time the levy was made under
which the land was advertised and sold.    Witness had
sold 25 acres of land to Bloodworth, which was also
sold to Head and by Head to plaintiff, and plaintiff was
also in possession of this land at the time of levy and
sale of the land in dispute.    This Bloodworth tract lay
between the land in dispute and the lands set apart to
witness as a homestead, and witness was living on the
homestead land at the time of such levy and sale.    The
boundaries given in the levy and deed by the sheriff in-
clude the land in dispute, which was sold by the sheriff.
I had originally 250 acres on my home place; sold 25
to Bloodworth and 50 to Whitfield.    The land in dis-
pute was worth 8 to 10 dollars per acre when the sheriff
sold.

Hardy Ogletree swore that he occupied the lands of
Mrs. Gunn at the time of the levy, no notice of which
was given him.    When the sheriff came to put him out,

agreed with the sheriff to keep the land that year and pay rent if Mrs. Green gave them up. Made this arrangement without authority from Mrs. Gunn. Kept the land that year (1879), and next spring the sheriff put him out and put Mallet or Slaughter in.

D. F. Gunn swore that he was agent for his wife, the plaintiff, and got no notice of the levy. Thought it was on the Bloodworth tract, and so understood from the attorney of Walker, who then owned the *fi. fa.* The Bloodworth tract was levied on and sold and bought in by plaintiff. Plaintiff never filed a claim to the land in dispute. Never employed Hendricks to file such a claim. If any was filed, it was by Hendricks as attorney for another person, who had a debt on Head. This testimony as to the claim was confirmed by Anderson, who was Hendrick's partner at the time the claim was filed; Hendricks being ill and unable to testify at the present trial.

The clerk of the court testified that the claim had been taken, by some one, from the papers in his office. The defendant then introduced the docket, showing the following entries :

"Abraham Cozart, *vs.* S. H. Saunders, Thos. S. Saunders, Alexander Saunders, security, Henrietta Gunn, claimant. Hendrick, for claimant, March term, 1878, claim. September term, 1878, claim withdrawn."

Defendant showed by the sheriff and another, that the land in dispute was included in the boundaries given in the levy and sheriff's deed; and that Walker bid off the land at sheriff's sale and then sold to Mallet, who was put in possesion by the sheriff and rented the land to Ogletree. The Bloodworth tract had been previously levied on and sold in January, 1877; it was not included in the levy and sale in question, and plaintiff's possession of it was not interfered with. It was admitted that defendant held under Mallet. Defendant introduced

an *alias fi. fa.* in favor of A. W. Cozart *v.* S. H. Saunders, principal, and Thos. J. and Alexander Saunders, securities, issued on a judgment of May, 1866. Among the entries on this *fi. fa.* was an entry of levy December 3d, 1875, on the twenty-five acres "known as the parcel recently sold by Alexander Saunders to T. S. M. Bloodworth," etc., and of sale thereof to E. H. Walker on the 1st Tuesday in July, 1877. Also, an entry of levy, May 25th, 1877, on "250 acres of land whereon Alexander Saunders now lives, . . bounded west by lands of R. G. Byars, north by lands of Cleveland and Treadwell, east by lands of Gunn, south by C. T. Ethridge's land; levied on as the property of Alexander Saunders," etc. Also, "claim and illegality filed by Alexander Saunders and Mrs. Gunn; damage bond given by Mrs. Gunn." Also, a re-advertisement of the same levy, dated October 1st, 1878, and entry of sale to Wm. Walker on 1st Tuesday in November, 1878, for $61.00.

Defendant introduced the deeds from the sheriff to Walker and from Walker to Mallet. These deeds purport to convey the whole tract of 250 acres, less 47 acres sold to Byars & Mallet and 65 acres exempt as homestead of Alexander Saunders.

The verdict was for defendant. Plaintiff moved for a new trial upon the following grounds:

(1-2) Verdict contrary to law and evidence.

(3) Error in refusing to allow plaintiff to prove by Thos. J. Saunders that he had been released by the plaintiff or his attorney from all liability on said *fi. fa.*, he being one of the securities thereon, Alexander Saunders being the other; plaintiff not seeking to go into the contents of the paper releasing him, but only desiring to prove the fact of release.

(4) Error in refusing to allow plaintiff to introduce the record of the release given by the plaintiff to the said Thomas Saunders, exempting him from liability on

said *fi. fa.*, it appearing that said release was recorded on the books of the clerk of said court.

(5) Omission to charge as to the discrepancy between the price the lands brought at sheriff's sale and the value of said lands.

The motion was overruled, and the plaintiff excepted.

LYON & ESTES and HARDEMAN & DAVIS, for plaintiff.
JOHN I. HALL, for defendant.

SIMMONS, Justice.

1. The facts of this case and the motion for a new trial will be found in the official report. We agree with the senior counsel for the plaintiff in error, that the main question in this case was, whether the levy set out in the record covered the land in dispute, and whether the land was sold under that levy. The presumption is that the trial judge submitted this question fairly to the jury on the trial of the case, as there were no exceptions to the charge. The jury found by their verdict that the levy covered the land and that the land was sold thereunder. There was evidence to authorize their finding. As the trial judge was satisfied therewith, we will not interfere with his discretion in refusing a new trial.

2. There was no error in refusing to allow Thomas J. Saunders, one of the securities, to testify that he had been released by the plaintiff from all liability on said *fi. fa.*, it appearing that the release was in writing. Nor would it have been proper to allow the proof to be made by the original release itself to bind the third purchaser and defendant in this case. It appearing that this defendant purchased some time after the sheriff's sale, from the person who purchased from the purchaser at the sheriff's sale. The object of proving the release was, to show that one security being released by the plaintiff, the other was also released, and therefore the *fi. fa.* was

*functus officio.*   We are inclined to think that this would not invalidate a sale made under the *fi. fa.* to an innocent purchaser, especially as the security who was not released by the written instrument took no steps to have the *fi. fa.* declared invalid by a legal proceeding, or if he took any, withdrew them from the court. If Alexander Saunders, whose land was sold, had been discharged by reason of his co-surety's release by the plaintiff, he should have taken some legal proceedings to have the *fi. fa.* declared invalid or settled. This will also dispose of the 4th ground of the motion, wherein it is complained that the court refused to allow the record of the release of T. J. Saunders to be introduced in evidence. Besides, there was no sufficient foundation laid for the introduction of the evidence, the loss of the original not having been sufficiently proved.

3. The next ground complains that the court omitted to charge as to the discrepancy between the price the land brought at sheriff's sale, and the value thereof. This was not error. The record shows that no request was made to the court to charge upon this subject. The price the land brought at sheriff's sale seems to have been very small, but no fraud is charged in the record in procuring the levy to be made, or in making the sale, either on the part of the plaintiff in *fi. fa.*, the sheriff, or the purchaser at the sheriff's sale. Mere inadequacy of price will not avoid a sale.   Code, §§2647, 2742.                        *Judgment affirmed.*