### 602. HICKS *v.* HAMILTON.

1. In a suit brought by the bona fide holder of a draft against the acceptor, a demurrer to the declaration, on the ground that the specific date of the transfer is nowhere set forth, was properly overruled, where it appeared, from the declaration, that the transfer was made before maturity, and that the action was not barred by the statute of limitations.

(*a*) Such a declaration is not demurrable on the ground that it does not allege that the drawer was either a corporation or a partnership. Complaints of defects in the transfer and assignment of the acceptances could only be presented by an appropriate plea.

2. It is error to strike, on oral motion or general demurrer, a plea which, though defective in several paragraphs, contains one paragraph which properly presents a substantial issue.

Complaint, from city court of Sylvester—Judge Park.    May 28, 1907.

Submitted October 30,—Decided November 25, 1907.

*Payton & Hay,* for plaintiff in error.

*Polhill & Foy,* contra.

RUSSELL, J. There can be no doubt that the rulings of the court were right, except in striking defendant's plea. Plaintiff filed a complaint in short form, on two acceptances. Defendant demurred. Plaintiff amended. Demurrer overruled. Defendant pleaded. Plea stricken. No evidence. Judgment for plaintiff. The rencounter was brief, the result decisive. This is the story of the action, told by the record, as it appears in black and white. We know not (for upon this the record does not speak), how lengthy the war of words, how deep the delving for authorities, how loud the thunder of oratory, nor how extensive was the work of sapper and miner in the court below. However this was, the legal battle is now history, preserved in the record, and it is our duty critically to inspect the strategic positions occupied by the contending parties and decide whether the victor is justly entitled to his judgment,—whether that judgment is right which proclaimed the plaintiff victor. The position and defenses occupied by the contending parties are well defined by the pleadings, except that, in respect to the defendant's plea, it is certified by the judge that it was destroyed by being struck by an oral motion.

Omitting immaterial portions, the petition averred: "Second: That the said R. N. Hicks is indebted to your petitioner in the sum of one hundred and nineteen and 70/100 dollars, upon two certain accepted drafts drawn by the Continental Manufacturing Company against said R. N. Hicks and transferred to petitioner for value received and before due, said drafts dated January 14th, 1907, and one for $62 due thirty days after date, and one for $57.70 due on or before the first Monday in February, 1907, a copy of which drafts are hereto attached, which drafts provide for the payment of reasonable attorney's fees. Third: That on the 8th day of March, 1907, plaintiff's attorneys gave the defendant written notice of the plaintiff's intention to bring suit on said drafts in the city court of Sylvester, returnable to the April term, 1907, as provided by law in suits for the recovery of attorney's fees. Fourth: That said drafts are past due, and the defendant refuses to pay the same. Wherefore, your petitioner prays that process may issue, requiring the said R. N. Hicks to be and appear at the next term of this court, to answer this complaint." Attached to the petition were copies of two drafts, drawn by "S. C. M. Cash, Continental Manufacturing Co.," one dated January 14,

8

1907, Birmingham, Ala., at thirty days sight and payable at Birmingham, Ala., and the other dated January 17, 1907, payable on or before the first Monday in February, 1907, at Sylvester, Ga. Upon each appears the following writing, "Accepted, R. N. Hicks;" and on the back of each is the following indorsement. "Sold to Harry Hamilton without recourse before maturity. Continental Manufacturing Company, S. C. M. Cash, Mgr."

The defendant demurred because: (1) "The specific date of the alleged transfer to plaintiff of the drafts sued on is nowhere set forth, nor is the defendant in any way put on notice of the date or place of such alleged transaction." (3) "It is nowhere alleged or set forth that the Continental Manufacturing Company is a corporation, or that such company is a partnership, nor is it alleged that the individual who is alleged to have transferred the drafts in question to the plaintiff had any such authority from the Continental Manufacturing Company to do so." (4) "It is nowhere alleged in plaintiff's declaration that the person making the alleged transfers was acting within the sphere of his employment in so doing." (5) "The date and place of the alleged acceptance of the drafts sued on is nowhere set forth with sufficient particularity." It is not necessary to refer to the second special demurrer, because it is conceded that the defect therein alluded to was cured by amendment.

The 1st paragraph of defendant's demurrer contended that the date and place of the alleged transfer of the draft ought to be alleged in the petition. We can not see wherein the place of transfer can be material. The drafts were drawn (according to the copies attached to the petition, and thus made a part of it) at Birmingham, Alabama, and the written assignments would be valid or legal either there or in Georgia. The drafts were presumably accepted (in the absence of anything appearing to the contrary) at Bridgeboro, Georgia. An allegation of the time of the assignment or transfer *is* essential, but we think the allegations of the petition sufficiently conform to the requirement of law upon this subject. In *Bond* v. *Central Bank,* 2 *Ga.* 92, it was held that "There must be a time averred in the writ, when every material or traversable fact transpires," and in the decision (p. 100) it was said, "the writ must aver a time when every material or traversable fact transpires. It must allege all the circumstances neces-

sary for the support of the action, and contain a ` . . ` statement of the . . time and place with such precision, certainty and clearness that the defendant, knowing what he is called upon to answer, may be able to plead a direct and unequivocal defense, and that the jury may be able to give a complete verdict upon the issue, and that the court, consistently with the rules of law, may give a certain and distinct judgment upon the premises. Cowp. R. 682; 6 East R. 422; 5 Tr. R. 623."

The acceptances are set forth as part of the petition, and the date of their maturity is apparent. The plaintiff then alleges that they were transferred before maturity. It is therefore plainly to be seen that the action is not barred by the statute of limitations; and for that reason the defendant is not placed in any uncertainty as to his preparation for that defense. In *Warren* v. *Powell,* 122 *Ga.* 4 (49 S. E. 730), it was held that "there must be a time averred in the writ, showing when every material or traversable fact transpires;" and that a special demurrer attacking the petition, on the ground that no time was stated, should have been sustained. We cheerfully follow and adhere to the ruling in that case, as well as the ruling in the *Bond* case, but it is unnecessary, nor do we deem it advisable, to extend the rule further than it is defined in these decisions. In the *Warren* case, supra, it appeared, on the face of the petition, that the cause of action was barred. As well stated by Judge Lamar, in delivering the opinion, "The rules of pleading have been adopted partly with a view of saving both the parties and the public the trouble and expense of an unnecessary trial. A defendant is not bound to avail himself of the benefit of the statute of limitations. But if he intends to do so, it would be a useless consumption of time to enter upon the hearing and introduce evidence to establish the existence of a cause of action which the plaintiff admitted to be barred. If, by a special demurrer, the latter attacks the sufficiency of the petition on the ground that no date is alleged, he is entitled to an order requiring the plaintiff to make such an averment, not only to enable him to know the time of the action referred to and to prepare his evidence accordingly, but also that he may thereafter demur if it should appear that the cause of action was barred, and thus avoid a useless hearing." In this case the petition makes plain that the case at bar is not identical, as to its facts, with that

case. The petition meets both of the requirements stated by Justice Lamar. Our holding is further supported by the ruling in the *Bond* case, supra, where the court says (p. 100), "The real date need not be stated." Construing this with the language of the decision in *Warren* v. *Powell,* supra, we understand the word "real" to be used in the sense of *exact,* and therefore hold that, while the time must be stated so that the defendant can be sufficiently informed to prepare his defense and to demur, the "statement of time" should be so defined as to deprive the defendant of none of his rights. Taking the allegations of the petition with the contents of the copy notes attached thereto, the defendant was deprived of none in this case; and there was, therefore, no error in overruling the special demurrer. What we have said likewise disposes of the 5th ground of the demurrer.

The 3d and 4th paragraphs of the defendant's demurrer were properly overruled, because, the Continental Manufacturing Company not being a party to the case, it was immaterial whether it was a corporation or a partnership. If it had been material, the defendant could only have raised the point by appropriate plea averring that such inquiry would let in some valid defense of which otherwise he would be deprived. Civil Code, §3698; *Johnson* v. *Cobb,* 100 *Ga.* 139 (28 S. E. 72); *Andrews* v. *John Church Co.,* 1 *Ga. App.* 560 (58 S. E. 530). As said before, we think the questions raised by the 3d and 4th paragraphs of the defendant's demurrer were immaterial, because the Continental Manufacturing Company was not a party to the case, but even if it had been a party, the defendant could not have contracted with that company, and then denied its legal existence. *Miss. R. Co.* v. *Plant,* 58 *Ga.* 168; *Wilson* v. *Sprague M. Co.,* 55 *Ga.* 673. There was no error in overruling all of the grounds of the demurrer.

We think, however, that the court erred in striking the defendant's plea as a whole. And inasmuch as it was not attacked by special demurrer, we are of the opinion that the court was in error in striking any portion of it. The plea was defective in many respects. The 2d paragraph merely denies indebtedness. Since the pleading act of 1893 (Acts 1893, p. 56; Civil Code, §4961), a general denial of indebtedness is prohibited. This paragraph of the plea states only a conclusion of the pleader, and offers no reason why the plaintiff should not have judgment against the de-

fendant. It is no defense. *Camp* v. *Young,* 119 *Ga.* 981 (4), (47 S. E. 560); *Johnson* v. *Cobb,* 100 *Ga.* 139 (28 S. E. 72); *Lester* v. *McIntosh,* 101 *Ga.* 675 (29 S. E. 7); *Wood* v. *Roberts,* 97 *Ga.* 254 (22 S. E. 986); *Smith* v. *Holbrook,* 99 *Ga.* 256 (25 S. E. 627). The title of the holder of these acceptances could not be inquired into except to let in a meritorious defense of which the defendant would otherwise be deprived; and, for that reason, there was no merit in the latter portion of the 2d paragraph of the defendant's plea; and the same principle applies to the 3d paragraph. These paragraphs could have been reached by proper special demurrer. But the 4th paragraph of the plea, by an unequivocal denial of all of the other paragraphs of the declaration, properly raised an issue and called for proof of the allegation contained in the 3d paragraph of the petition. Since it has been held that a defendant may, in one paragraph, deny the allegations of all the paragraphs of a plaintiff's petition, we think that the averment of the 4th paragraph of the answer, that "defendant denies the remainder of the plaintiff's declaration," is a sufficient denial of both paragraphs 3 and 4 of the petition. If the defective paragraphs of the defendant's answer had been stricken on special demurrer, there would still have remained, as an issue to be tried before the jury, the question as to whether the defendant had been given the written notice alleged in paragraph 3 of the petition. It was only by proving this allegation that he would be entitled to recover attorney's fees at all, and the defendant denied absolutely that he had been given the written notice alleged.

The court, therefore, erred in entering judgment for the attorney's fees, especially as there was a demand for trial by jury. True, after the plea had been stricken, no proof that $20 was a reasonable amount for attorney's fees was necessary or proper, because the amendment to the plaintiff's petition, alleging that that amount was reasonable, was not answered, and the defendant's denial that he had been served with written notice had been stricken. The error consisted in striking a good, though defective, answer, on an oral motion. A general demurrer to a plea of which some parts are sufficient should be overruled. *Baer* v. *Christian,* 83 *Ga.* 322 (9 S. E. 790). See also *Higginbotham* v. *Conway,* 113 *Ga.* 1155 (39 S. E. 550); *May* v. *Jones,* 88 *Ga.* 312 (4), 14

S. E. 552, 15 L. R. A. 637, 30 Am. St. R. 154); *Treadaway* v. *Richards,* 92 *Ga.* 264 (18 S. E. 25). In all these cases the rule announced in *Finney* v. *Cadwallader,* 55 *Ga.* 75 (3), is adhered to, that "on general demurrer to a plea or motion to strike the same, if any part of the plea be good in substance, the demurrer or motion should be overruled, but the court may and ought to direct looseness to be cured by amendment; and if the defendant refuses to amend in that respect, the plea should then be stricken as if standing upon special demurrer." The force of the reason for this rule has been increased rather than diminished since the passage of the pleading act of 1893. Counsel for defendant in error insists, in his brief, that the defendant did not offer to make any amendment to his answer, as will be seen from the bill of exceptions. It does not appear from the bill of exceptions that the court directed the counsel to amend. It may, therefore, be assumed that no such direction was given by the court, and this (and not that the counsel must offer to amend) is the requirement of the rule in *Finney's* case, supra. If the defendant had amended (concurring in the opinion that certain paragraphs of his answer were defective) by striking all of his answer except the formal portions and the 4th paragraph, he would still have had an answer with the issue on the subject of attorney's fees properly presented. Consequently he would have been entitled to go to the jury on the question of the service of the written notice; and if he had disproved, to the satisfaction of the jury, the allegations of the 3d paragraph of the petition, which he denied, he would at least have been relieved from the judgment for the attorney's fees.

*Judgment reversed.*