### GOWER *et al. v.* NEW ENGLAND MORTGAGE SECURITY COMPANY *et al.*

1. The purchaser at a judicial sale is not required to see that the officer has "complied fully" with the regulations prescribed in such cases. Irregularities create questions and liabilities between the officer and the parties interested in the sale. The innocent purchaser is bound only to see that the officer has competent authority to sell, and that he is "apparently" proceeding to sell under the prescribed forms.

2. Even if a sale by a sheriff be begun a short interval of time before the prescribed hour for beginning such sale and concluded after the prescribed hour of beginning, such slight variation from the prescribed manner of sale will not invalidate the sale, in the absence of fraud, collusion, or surprise.

3 Inadequacy of price, though gross, is not a sufficient reason to set aside a sheriff's sale, in the absence of fraud, collusion, or surprise.

4. No sufficient reason appears for reversing the judgment under review.

No. 2598. FEBRUARY 21, 1922.

Equitable petition. Before Judge Wright. Polk superior court. April 16, 1921.

*Bunn & Trawick*, for plaintiffs.

*Mundy & Watkins*, for defendants.

FISH, C. J. This case is a sequel to *Brewer* v. *New England Mortgage Co.*, 144 *Ga.* 548 (87 S. E. 657). W. M. and Lula Gower intervened in the case cited. Intervenors attacked, on various grounds, a sheriff's sale of three parcels of land, sold separately, and prayed that the sale be set aside, and the deeds of the sheriff made pursuant to the sale be canceled. The sheriff and purchasers were made parties defendant to the intervention. An amendment to the petition was offered, alleging, in substance,

that plaintiffs were owners of the lands in question, which are worth more than the entire balance due on the execution under which they were sold, and twice as much as the aggregate bids at the sale; that on a fair sale they would bring $3500 or more; and that plaintiffs were the successors in title to one Godard, the defendant in the execution. The amendment was disallowed, and the plaintiffs excepted pendente lite. The case proceeded to trial, and resulted in a verdict for the defendants. The plaintiffs filed a motion for new trial, which was overruled, and they excepted.

The following appears in the brief of evidence: " It was agreed between counsel that there was no issue as to the Gowers claiming title to the lands; the one issue in this case being as to the time of the sheriff's sale on June 3, 1919." Under this stipulation the only matter which requires investigation, so far as the motion for new trial is concerned, is whether any error was committed at the trial which would require the granting of a new trial on the single issue as to the hour of the sale in question. The hours of sheriff's sales were fixed by the judiciary act of 1799, " between the hours of ten and three." Cobb's Digest, 509. The hours were later changed to between the hours of 10 a. m. and 4 p. m., by the act of 1821. Cobb's Digest, 509 (note). They have so remained to the present time. While some changes have been made in the act of 1799, as to hours, advertisement, and the like, the present law as to substantial matters is the same as the original law. Civil Code, § 6060. In *Brooks* v. *Rooney,* 11 *Ga.* 423 (56 Am. D. 430), it was said: " The acts which make it the duty of the sheriff to advertise the sale of property in a particular way, and to sell between certain hours of the day, are merely directory to the officer. His neglect to observe these directions may subject him to a suit for damages, at the instance of the party injured by the neglect; but it will not affect the title of the purchaser, unless there be collusion between him and the sheriff." It was also said, " the purchaser depends upon the judgment, the levy, and the deed; all other questions are between the parties to the judgment and the officer " (pp. 427-8). The question in that case was whether there must be recitals in a sheriff's deed showing that the formalities of law respecting the manner and time of sheriff's sale were actually complied with. It was held that such recitals were not necessary. The question as to the effect upon the

sale where such formalities were not complied with was not before the court. What was said on this subject was mere dicta.

In *Johnson* v. *Reese,* 28 *Ga.* 353, 356 (73 Am. D. 757), the act of 1799 was under consideration, and it was said: " The first part of the section says, ' No sales ' ' shall be made ' ' but on the first Tuesday in each month, and between the hours of ten and three.' . . This amounts to saying that the sheriff shall not have authority to sell at any other time." The question before the court was as to the effect of failure to advertise in strict conformity to the statute. Hence what was said in that case on the subject of hours of sale was mere dictum. In *Conley* v. *Redwine,* 109 *Ga.* 640 (35 S. E. 92, 77 Am. St. R. 398), an irregularity in the advertisement was involved. There seems to be no authoritative ruling by this court on the question of the validity of a sheriff's sale made before or after the hours prescribed by statute. The code declares: " The purchaser at judicial sales is not bound to look to the appropriation of the proceeds of the sale, nor to the returns made by the officer, nor is he required to see that the officer has complied fully with all those regulations prescribed in such cases. All such irregularities create questions and liabilities between the officer and parties interested in the sale. The innocent purchaser is bound only to see that the officer has competent authority to sell, and that he is apparently proceeding to sell under the prescribed forms." Civil Code (1910), § 6059. We think the phrases in this section, " complied fully " and " apparently proceeding to sell under the prescribed forms," are peculiarly significant. They appear for the first time in our law regulating judicial sales, in the Code of 1863. Prior to that time the courts were not agreed on the effect of a variation from prescribed regulations as to advertisement, hours of sale and the like. See *Brooks* v. *Rooney,* 11 *Ga.* 424 (supra). The codifiers were aware of the conflict of opinion, and no doubt desired to prescribe a safe and conservative rule for the future. The purchaser was not to be burdened with the duty to see that the officer had " complied fully " with all regulations as to the time and manner of sale. A variation would not vitiate which was not material and did not show the officer was wholly or substantially disregarding prescribed forms. Where the variation from the prescribed hour of sale was so slight that witnesses present seriously conflict with each other as to whether the sale

began a short time before ten o'clock, or on the hour or a short time thereafter, it is manifest that the officer was "apparently" proceeding under the prescribed forms. The statute only requires an apparent condition, not an actual condition, not a full-compliance condition. The sale began near the hour of ten. The land was sold in three parcels. It is clear from the evidence that the sale was completed after the hour of ten o'clock, and it is inferable that the greater part of the time consumed in the sale was after ten o'clock. A jury might have found that one parcel was cried and possibly knocked off before ten o'clock. On the other hand there might have been a finding that the entire sale was after ten o'clock. While it was possible for the jury to find that the sale began before ten o'clock, we think they were constrained to find that the officer was apparently proceeding under prescribed forms. There was no charge of collusion or fraud. The sale was valid as against an objection that the officer had not " complied fully " with the regulations as to the hour of sale.

Complaint is made that the judge failed to charge that if one or more of the parcels were sold before ten o'clock, the sale would be void as to such parcels. Under the view we have taken, there was no error in such failure to charge.

In addition to this the petition attacked the entire sale of the three parcels. The charge submitted the issue made by the pleadings. It might be further said that if a charge on the subject was desired there should have been a request, and that the charge as given was a sound proposition, and the complaint is that another sound proposition was not also given.

It is contended that the lands were sold for less than their value; that is, the prices were inadequate. There was no averment and no evidence of fraud or collusion. Inadequacy of price, though gross, will not be sufficient to set aside a sheriff's sale, unless it appears there was fraud or collusion in the levy or the sale. *Palmour* v. *Roper,* 119 *Ga.* 10 (5), 18 (45 S. E. 790) ; *Gunn* v. *Slaughter,* 83 *Ga.* 124 (3), 129 (9 S. E. 772) ; *VanDyke* v. *Martin,* 53 *Ga.* 221 (2).

Complaint is also made that the land was advertised for sale by the sheriff while an order was in force restraining a sale, and that the sale was had on June 3, when the order dissolving the restraining order was dated June 2. The order restrained the

plaintiffs, their attorneys and agents, "from selling or attempting to sell" the land in question. Even if the advertisement of the sale in anticipation of a dissolution of the restraining order was a violation of the order, in the absence of evidence of fraud, collusion, or surprise the sale would not be void. The sheriff and the attorney who were responsible for the violation of the order, if there was such violation, might be in contempt, but the sale would be valid. If a sheriff makes a valid levy on land and goes out of office, his successors may sell the land under such levy. Civil Code (1910), § 4914 (6). If any instructions to the jury on the difference between standard time and sun time were desired, a timely written request should have been submitted.

The record discloses no sufficient reason for reversing the judgment under review.

*Judgment affirmed. All the Justices concur.*