### 42184. GLAZE v. FULTON NATIONAL BANK OF ATLANTA.

BELL, Presiding Judge. 1. "Where in an answer by paragraphs to a petition bringing suit on a promissory note, a defendant makes in answer to one paragraph a general denial of the indebtedness as alleged in the petition, and such answer nowhere sets up any legal defense, such denial is in effect a plea of the general issue." *Kingery v. Yancey Bros. Co.,* 100 Ga. App. 178, 180 (110 SE2d 411) and citations. "This general denial (as against an unconditional contract in writing, and in the absence of a plea of non est factum) amounts to no plea at all, so far as indebtedness is concerned." *Medlock v. Wood,* 4 Ga. App. 368, 369 (61 SE 516). The allegation in defendant's answer denying the paragraph of plaintiff's petition alleging the indebtedness is insufficient as a defense against recovery for the principal and interest on the note. *Wood v. Noland Credit Co.,* 113 Ga. App. 749 (2) (149 SE2d 720).

2. However, where in another paragraph of defendant's answer defendant denies a paragraph of plaintiff's petition alleging the giving of the notice required by *Code Ann.* § 20-506 in order to recover attorney's fees provided by the note sued upon, this denial is a sufficient defense on the issue of attorney's fees, and therefore, the answer, though defective in other respects is not wholly bad. *Hicks v. Hamilton,* 3 Ga. App. 112, 117 (59 SE 331). See also *Kreischer v. Bank of Louisville,* 32 Ga. App. 699 (3, 4) (124 SE 539); *Greenwood v. Greenwood,* 44 Ga. App. 847 (2) (163 SE 317). A general demurrer to a plea some parts of which are sufficient should be overruled. *Finney v. Cadwallader,* 55 Ga. 75 (3); *Hicks v. Hamilton,* supra. The trial court erred in sustaining plaintiff's general

demurrer to defendant's answer, which presents an issuable defense to plaintiff's case as laid, and in entering judgment for plaintiff for principal, interest and attorney's fees.

The judgment will be affirmed with direction that plaintiff write off the amount of attorney's fees included in the judgment. Upon failure to do so the judgment will stand reversed.

*Judgment affirmed with direction. Jordan and Eberhardt, JJ., concur.*

SUBMITTED JULY 8, 1966—DECIDED SEPTEMBER 14, 1966.

*Merritt & Pruitt, Glyndon C. Pruitt,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Carl I. Gable, Jr.,* for appellee.