42866.   McINVALE v. WALTER E. HELLER & COMPANY, INC. et al.

ARGUED JUNE 6, 1967—DECIDED JUNE 23, 1967.

Action on note. Taylor Superior Court. Before Judge Land.

*H. Thad Crawley*, for appellant.

*Adams, O'Neal, Steele, Thornton & Hemingway, Jerome L. Kaplan*, for appellees.

FELTON, Chief Judge. ■ The due and unresisted foreclosure of the chattel mortgage, followed by the regular sale of the mortgaged property under the mortgage execution, concluded the defendant mortgagor, as to the property sold, from setting up in his answer to the plaintiff mortgagee's action for a deficiency judgment the defense of a void affidavit of foreclosure—on the grounds of its premature filing, improper subject matter, lack of verification of the correctness of the copies of the note and the conditional sale contract securing the note and the lack of attachment thereto of the originals of such instruments—which defense he might have set up by counter-affidavit, or affidavit of illegality. *Bank of Forsyth v. Gammage*, 109 Ga. 220 (34 SE 307); *Banks v. Employees &c. Corp.*, 112 Ga. App. 38 (2) (143 SE2d 787) and cit. Since the answer admits the defendant's execution of the note and the conditional sale contract, his failure to pay any of the installments according to the terms of the note, and the acceleration by the plaintiff of the entire balance of the note, there remained no issue as to the defendant's liability for principal, interest and court costs.

■ The petition alleges that, on October 12, 1966, through its attorney, the plaintiff gave the defendant the 10 days' notice, as provided by *Code Ann.* § 20-506 (Ga. L. 1890-1, p. 221; Ga. L. 1957, p. 264), relative to enforcement of the provisions of the note for payment of attorney's fees, which notice the defendant received on or about October 13, 1966. In his answer the defendant denies this paragraph of the petition "and shows that

petitioner did not give notice *as stated* and while the notice is dated October 12th, petitioner did not wait the 10 days before making affidavit to foreclose and no attorney's fee could possibly inure." (Emphasis supplied.) " . . . [F]ailure to give notice before commencement of the action does not preclude the recovery of attorneys' fees. . ." *One In All Corp. v. Fulton Nat. Bank,* 108 Ga. App. 142, 144 (2) (132 SE2d 116), citing Camilla Cotton Oil Co. v. Spencer Kellogg & Sons, 257 F2d 162 (5th Cir., 1958). Regardless of when the affidavit to foreclose was filed, which does not appear from the record, it is alleged that the property was not sold under an ordinary's quick order of sale until November 16, 1966, which clearly gave the defendant the 10 days from the date of receipt of the notice in which to pay the debt and avoid liability for attorney's fees. The answer does not deny the *giving* of the notice, as in the case of *Glaze v. Fulton Nat. Bank of Atlanta,* 114 Ga. App. 291 (2) (151 SE2d 478), but merely that the notice was given *as stated* (i.e., 10 days prior to making affidavit to foreclose). The answer, therefore, raised no issuable defense, and the court properly sustained the general demurrer thereto.

■ One ground of the defendant's cross action for the alleged fair market value of the mortgaged property was that the plaintiff mortgagee took the property under void proceedings, which defense was waived by the defendant's failure to assert it by an affidavit of illegality, as was held in Division 1, hereinabove. The other ground—that the plaintiff failed to exercise the power of retaking fairly and properly and did not get a fair market price for the goods—is also without merit. The sale was conducted, not by the plaintiff, but by the sheriff, acting under the authority of the superior court with jurisdiction conferred by the filing of the unresisted affidavit of foreclosure. The defendant's remedy, if applicable, after the sale was to have the court set aside the sale under the provisions of *Code* § 39-1316. Inadequacy of price alone, though gross, is not sufficient to set aside the sale, unless coupled with other circumstances, such as fraud, mistake, misapprehension, surprise or collusion, none of which is here alleged. *Smith v. Ga. Loan & Trust Co.,* 114 Ga. 189 (39 SE 846); *Gower v. New England Mtg. &c. Co.,* 152 Ga. 822 (3)

(111 SE 422). The court properly sustained the general demurrer to the cross action.

■ The general demurrers to the answer and cross action properly having been sustained, the court did not err in granting a default judgment in favor of the plaintiff.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*