43031. FREE FOR ALL MISSIONARY BAPTIST CHURCH, INC. v. GRESHAM et al., Trustees.

BELL, Presiding Judge. The trustees of Little Moses Chapel Baptist Church, as payees, brought this suit on a note against Free For All Missionary Baptist Church, Inc., as maker. The note provided for payment of 60 monthly installments of $141 with interest from maturity. Defendant filed an answer and a plea of want of consideration. The plea showed that defendant had sold plaintiff real estate and the note was made by defendant to assist plaintiff in paying off a third party involved in the transaction. At the end of 5 years plaintiff was to begin repaying the note plus interest in monthly installments of $200. *Held:*

1. The trial court did not err in sustaining plaintiff's motion to dismiss the plea or in sustaining plaintiff's general demurrer to paragraph 3 of defendant's answer, which duplicated the averments of the plea.

2. The allegations of defendant's answer merely denying those allegations of the petition alleging the indebtedness for the principal and interest on the note were in effect a plea of the general issue. *Kingery v. Yancey Bros. Co.,* 100 Ga. App. 178, 180 (110 SE2d 411) and citations. "This general denial (as against an unconditional contract in writing, and in the absence of a plea of non est factum) amounts to no plea at all, so far as indebtedness is concerned." *Medlock v. Wood,* 4 Ga. App. 368, 369 (61 SE 516). The allegations of defendant's answer merely denying the paragraphs of the petition alleging the indebtedness were insufficient as a defense against recovery for the principal and interest on the note. *Wood v. Noland Credit Co.,* 113 Ga. App. 749 (2) (149 SE2d 720).

3. However, another paragraph of defendant's answer, denying a paragraph of plaintiffs' petition alleging the giving of the notice required by *Code Ann.* § 20-506 in order to recover attorney's fees, was a sufficient defense on the issue of attorney's fees. *Hicks v. Hamilton*, 3 Ga. App. 112, 117 (59 SE 331); *Glaze v. Fulton Nat. Bank*, 114 Ga. App. 291 (2) (151 SE2d 478). Thus the answer, though defective in other respects, was not wholly bad. Since a part of the answer was sufficient the trial court erred in sustaining plaintiffs' general demurrer to the answer as a whole and in entering a judgment for plaintiffs which included 15 percent as attorney's fees. Id.

The judgment will be affirmed on condition that plaintiff write off the amount of attorney's fees included in the judgment. Upon failure to do so the judgment will stand reversed.

*Judgment affirmed on condition. Pannell and Whitman, JJ., concur.*

ARGUED SEPTEMBER 8, 1967—DECIDED DECEMBER 5, 1967.

*W. M. Mathews, Jr.*, for appellant.

*Jones & Read, William A. Edwards, Jr., Charles D. Read, Jr., O. H. Williamson*, for appellees.