## 54349. WILSON v. CITIZENS BANK, PEACH COUNTY.

Banke, Judge.

The appellant, Henry A. Wilson, appeals from a summary judgment for $90,000 entered against him as guarantor on a note.

On April 18, 1975, Rivers Industries, Inc., executed a promissory note to the appellee, The Citizens Bank, Peach County, Georgia, in the amount of $414,594. The appellant guaranteed the indebtedness which was secured by deeds on real estate and security agreements to the extent of $90,000. Following default on the note, the appellee brought suit against the corporation as maker and against the appellant as guarantor. The appellee obtained a default judgment against the corporation, and

the Sheriff of Peach County subsequently levied on the property which had served as security for the indebtedness. The sheriff then advertised the property for sale and sold it before the courthouse door. The appellee, the only bidder at sale, purchased the property for $300,000, which left a balance of $114,594 still owing to the appellee. The appellee then moved for summary judgment against the appellant for $90,000, the amount of his obligation as guarantor. The appellant opposed the motion and filed affidavits alleging fraud in connection with the public sale. The trial judge ruled that there was no evidence of fraud and granted summary judgment for the appellee. The appellant now appeals these rulings.

There is no merit in the appellant's allegation that the trial judge erred in granting the appellee's motion for summary judgment. His main contention is that it was improper for the appellee to proceed by suit on the promisssory note (instead of by foreclosure) because it allowed him to avoid the statutory requirement for judicial confirmation and enabled him to bid in the property at less than true market value. "The holder of a note who is also the grantee in a deed to secure the indebtedness of the note is not forced to exercise the power of sale in the deed. He may sue on the note or exercise the power of sale. [Cits.]" *Trust Invest. &c. Co. v. First Georgia Bank,* 238 Ga. 309 (1) (232 SE2d 828) (1977). Also, the appellant's guaranty contract authorized the appellee ". . . to resort to the undersigned . . . for payment of any of the liabilities, whether or not the bank shall have resorted to any property securing any of the liabilities or any obligation hereunder . . ."

There is also no merit in the appellant's claim that the appellee had an enforceable obligation to the appellant to insure that a true market value was paid for the property sold by the sheriff. Code Ann. § 39-1201 directs the county sheriff to conduct sales of property taken under execution; and he, not the creditor, has the responsibility for assuring regularity of the proceedings. Inadequacy of the price alone is not enough to cause the sale to be set aside. *Gunn v. Slaughter,* 83 Ga. 124 (9 SE 772) (1889); *Gower v. New England Mtg. Security Co.,* 152 Ga. 822 (3) (111 SE 422) (1921). There must also be a

showing of "fraud, irregularity, or error to the injury of either party." Code Ann. § 39-1316. See *McInvale v. Walter E. Heller & Co.,* 116 Ga. App. 71 (156 SE2d 371) (1967).

The appellant failed to present sufficient evidence to warrant submission of the issue of fraud to the jury. He claims that fraud resulted when the appellee exploited the sheriff's lack of professional experience and knowledge of the property's true market value in order to purchase the property at an allegedly inadequate price. In opposing a motion for summary judgment, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." Code Ann. § 81A-156 (e). The affidavit submitted by the appellant here failed to comply with this standard as it contained only conclusory statements rather than statements of specific fact.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED OCTOBER 4, 1977.

*Culpepper, Culpepper & Liipfert, Bryant Culpepper,* for appellant.

*Robert E. Lanyon, Sell, Comer & Popper, John A. Draughon, Edward S. Sell, Jr., Harris, Watkins, Taylor & Davis, Philip R. Taylor,* for appellee.