## JOHNSON *v.* COBB.

|100  139|
|102   38|
|100  139|
|d111  26|
|100  139|
|120 1065|

1. A demurrer to the plea of a defendant in an action on a promissory note, which plea sets up a parol contract made before the execution of the note, by the terms of which the note was not to be paid in a certain event, was properly sustained.

2. Where in an answer by paragraphs to a petition bringing suit on a promissory note, a defendant makes in answer to one paragraph a general denial of the indebtedness as alleged in the petition. and such answer nowhere sets up any legal defense, such denial is in effect a plea of the general issue, and was properly stricken on demurrer.

3. Title of the holder of a promissory note cannot be inquired into unless it appears that the inquiry would in some way protect the defendant or let in some meritorious defense.

Argued January 6,—Decided January 21, 1897.

Complaint on note. Before Judge Reid. City court of Atlanta. March term, 1896.

H. H. Cobb sued W. E. Johnson upon a promissory note for $201.50 principal, dated September 5, and due December 1, 1895. Defendant filed a plea which was stricken on demurrer. This plea denies that defendant is indebted to plaintiff as alleged, or that the note is in the hands of plaintiff in his own right as holder by virtue of the endorsement

of defendant to whose order the note is made payable, or that payment of the same has been demanded and refused; and further sets up as a defense, that in September, 1895, plaintiff came to defendant and offered him insurance on his life, which at first he refused to take, but after a talk with plaintiff and after having made a contract with him about the policy to be taken out and the payment thereon, he did finally take the insurance. He drew his note payable to himself or order, and endorsed it, as premium on said insurance policy. Before making and delivering the note, he made a contract or agreement with plaintiff, that the note should be made payable three months after date, which made it fall due about the first of December, 1895; and it was agreed between him and plaintiff, that when the note fell due he was to have the privilege or right to cancel the policy; and after the note had become due and he was called on for payment of it, he notified plaintiff of the agreement, and that he elected to cancel the policy. The note was not given or delivered to plaintiff personally, but was given him as an agent or representative of the insurance company, and there is no personal indebtedness by note or otherwise due by defendant to plaintiff.

*William P. Calhoun,* for plaintiff in error.
*Erwin, Cobb & Woolley,* contra.

LITTLE, Justice.

The error alleged to have been committed by the court below, and which is sought to be corrected here, is that the court sustained a demurrer to the plea interposed by the plaintiff in error (who was the defendant below) in bar of the action. The report of the case given above sets out in brief the contents of the stricken plea, and it is material only to consider the three main propositions which it sets up, to determine its merit as a defense.

1. The plea alleges, that before making and delivering the note which was given in payment of premium on a

policy insuring the life of the defendant, he made a contract with the plaintiff that when the note fell due, defendant was to have the right to cancel the policy, and when the note matured he did so cancel it. This plea does not go far enough, even if its averments were good in the way of defense; it is not alleged that such contract was in writing; even if it was, it is not a stipulation of the contract that the note was to be canceled with the policy of insurance. But assuming such to be the intendment of the pleader, such a parol contract, if proven, could not prevent a recovery. The terms of the note constitute a plain unconditional promise at a stipulated date, to pay to the order of the maker a given sum of money, for value received, and was endorsed by the maker in blank.

The plea, if sustained, would alter and vary the terms of this written contract, so as to make its payment uncertain and dependent on the election of the maker at its maturity. Such could not be done, and parol evidence of such contract would not be admitted so to vary its terms; and if the evidence would not be admitted, the plea was properly stricken. We do not deem it necessary to cite any authorities to support a proposition so clear and manifest.

2. In his plea, which was in the nature of an answer by paragraphs to the petition, the plaintiff in error makes a general denial of the indebtedness claimed in the petition. Aside from this, no part of the answer sets out any facts which constitute a legal defense. This denial in general terms is but a plea of the general issue, which, since the act of 1893 (Acts 1893, p. 56), is not issuable and is not a denial of the plaintiff's right to recover, under the system of defenses provided by that act.

3. The plea set out the further fact, as denying the right of the plaintiff to recover, that the plaintiff was not the bona fide holder of the note sued on. But how could this, if proven, affect him under the facts set out in his plea. Section 3698 of the Civil Code declares, that the title of

the holder of a note cannot be inquired into, unless it is for the protection of the defendant, or to let in the defense which he seeks to make. The defenses which the defendant sought to make were all set out in his plea or answer, and from a legal standpoint constituted no defense. Having then no legal defense to the note, it was immaterial to him who held it. Being a negotiable instrument, its payment to the holder satisfied it (no fraud being charged); and being bound for its payment in the hands of any one, so far as the plea shows, the defendant would not be heard to allege that the plaintiff was not its bona fide holder.

The judgment of the court below in striking the plea is *Affirmed. All the Justices concurring, except Cobb, J., disqualified.*