## PERRY *v.* PERRY *et al.*

Where process was left by an officer with the defendant's son-in-law at the latter's place of business, the same not being the defendant's residence, such service is insufficient, although it appears that the defendant resided with his son-in-law in the same building, but on a different floor from said place of business and entirely unconnected therewith.

Argued January 24, — Decided March 24, 1898.

Traverse of sheriff's return. Before Judge Callaway. Richmond superior court. April term, 1897.

*P. J. Sullivan* and *S. F. Garlington*, for plaintiff in error.
*Boykin Wright* and *F. E. Obenauf*, contra.

SIMMONS, C. J. It appears from the record, that the defendant, about the time of the alleged service, resided with his son-in-law and daughter upon the second floor of a building in the city of Augusta. The ground floor of this building consisted of two stores, one of them occupied by Reeves, the son-in-law, as a drug-store, and the other used by another person as a jewelry-store. Between the two stores was a stairway leading from the street to the second floor of the building, where defendant resided. There was no way to enter any of the apartments of the second floor through either of the stores. Service was attempted to be made by the sheriff by leaving a copy of the petition and process with Reeves in the drug-store. The return of service by the sheriff was traversed by the defendant; and, upon the above-stated facts, together with others not here material, the jury, under instruction of the court, found in favor of the return of the sheriff,—that is to say, that a proper service had been made. A motion for a new trial was made by defendant, and overruled by the court.

Section 4985 of the Civil Code, in relation to service of process, requires that the copy of petition and process be served personally upon the defendant or by leaving it at his residence. We think that the service shown to have been made in this case was not sufficient to meet the requirements of the code. The copy was not served upon the defendant personally, nor was it left at his residence. Leaving it with his son-in-law, in

the drug-store, was not such service as the code requires. The officer could just as well have left it with the person who occupied the store on the other side of the stairway. It is well known that in cities many people reside in the upper stories of buildings, and service upon the occupants of the ground floors can not be held sufficient service upon those residing in the upper floors solely because of their residence in the same building. Service upon a member of one's family is not sufficient unless made at the residence of the defendant. The floor occupied by the defendant as a residence and the store of his son-in-law, though in the same building, are shown by the evidence to have been as separate and distinct from each other as though they had been in adjoining buildings. As they were separate and service was sought to be made at the drug-store of the son-in-law, we think that service was not made at the residence of the defendant.

*Judgment reversed. All the Justices concurring.*