### 304. THOMAS & MCCAFFERTY *v.* SIESEL.

POWELL, J. 1. Under the decision of the Supreme Court in the certified case of *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 353 (58 S. E. 1047), wherein former contrary rulings are modified and overruled, the writ of error in the present case is not subject to dismissal.

2. Where exception is taken to the refusal of the court to allow an amendment to pleadings, the proffered amendment should be set out, literally or in substance, in the bill of exceptions, or attached as a duly authenticated exhibit thereto. This court can not consider it, if it be brought up in the transcript of record. *Walker* v. *Equitable Mortgage Co.*, 114 *Ga.* 862 (7) (40 S. E. 10).

3. It is not error for the court to strike, on demurrer, an ambiguous and evasive answer to a suit on promissory notes. *Brinson* v. *Birge*, 102 *Ga.* 802 (30 S. E. 261).

4. A plea of non est factum is subject to be stricken on demurrer, when it does not unequivocally deny that the notes sued on are the act and deed of the defendant. *Lester* v. *McIntosh*, 101 *Ga.* 675 (29 S. E. 7).

5. A plea of payment which fails to allege when, how, and to whom the payment was made is properly stricken on demurrer. *Wortham* v. *Sinclair*, 98 *Ga.* 173 (25 S. E. 414); *O'Neal* v. *Phillips*, 83 *Ga.* 550 (10 S. E. 352); *Atlantic Coast Line R. Co.* v. *Hart Lumber Co.*, 2 *Ga. App.* 88 (58 S. E. 316).

6. The title of the holder of a note can not be inquired into, unless it is necessary for the protection of the defendant, or to let in a defense which he seeks to make. Civil Code of 1895, § 3698.

7. Where, in an answer by paragraphs to a petition bringing suit on promissory notes, the defendant makes, in answer to one of the paragraphs, a general denial of the indebtedness, but such answer nowhere sets up any legal defense, the answer is properly stricken on demurrer. *Johnson* v. *Cobb*, 100 *Ga.* 139 (2) (28 S. E. 72).  *Judgment affirmed.*

Complaint, from city court of Macon—Judge Hodges. September 8, 1906.

Argued May 1,—Decided October 22, 1907.

S. Siesel, surviving partner of the firm of S. Siesel & Company, sued Thomas & McCafferty on four promissory notes, which he alleged were executed and delivered by the defendants to S. Siesel & Company for a valuable consideration on September 9, 1892 (the date recited therein). The answer contained the following paragraph: "Defendants deny that any note of any kind was ever executed and delivered to said S. Siesel & Company for a valuable consideration, and that any note of any kind is now due and owing by the said defendants. Defendants further say that they did have business transactions with S. Siesel & Company which were all wound up, and the respective accounts of said S. Siesel & Company with these defendants were adjusted; and defendants further aver that if any notes were ever signed by this defendant, payable to S. Siesel & Company, the same have been fully paid and discharged. Defendants further say that they are unable specifically to admit or deny the execution of any particular note, as set out in said petition; for the reason said notes are alleged to have been executed in 1892, and, in a suit filed in April, 1906, they have no information further than to the effect that every indebtedness, all notes and mutual accounts existing between defendants anl the said S. Siesel & Company, had been adjusted and paid years ago. Defendants herein further say that neither S. Siesel nor S. Siesel & Company are owners of any such notes signed by these defendants." The allegation that no payment except $100 was ever made on the notes is denied generally. The answer contains nothing further as to execution of the notes, or as to payment. The plaintiff demurred generally to the answer, contending that it was ambiguous and evasive; and, by special demurrer, made the objections indicted in the 4th and 5th divisions of the foregoing decision. The transcript of the record contains what purport to be amendments to the answer, with entries showing that they were filed and disallowed. The bill of exceptions states that "the court . . disallowed said amendments, and . . sustained said demurrer to said plea and answer, and ordered the same stricken, and rendered judgment for the plaintiff; to which ruling of the court in striking said demurrer to

the said plea and answer of said defendants, and in refusing and disallowing the said two amendments offered by defendants to their plea and answer, and in rendering said judgment, the said defendants, . . now here plaintiffs in error, then and there excepted and now here except, and assign the same as error, and say: 1st. That the court erred in refusing to allow the said answer presented by defendants to their plea and answer, and in disallowing and refusing same. 2d. The court erred in sustaining the demurrer of plaintiff to defendants' plea and answer, and in ordering defendants' plea and answer stricken." No amendment of the answer is set out in the bill of exceptions, but it specifies certain amendments of the answer, as a part of the record to be sent up from the court below. The record shows that the court rendered judgment for the amount sued for.

Counsel for the defendants in error moved to dismiss the writ of error, on the ground that "there is no effective or sufficient assignment of error, on any final judgment;" and cited *Montgomery* v. *Reynolds*, 124 *Ga.* 1053, and cases there cited.

*Roland Ellis, Richard Curd, Anderson, Felder, Rountree & Wilson,* for plaintiffs in error.

*Nottingham & Cabaniss,* contra.