## 3872.   MOSS, executor, v. ANDERSON.

A motion by a defendant to set aside a verdict and judgment against him
was properly overruled, when it appeared that the defense relied on by
the movant was contained in a proposed amendment to the answer, a copy
of which was exhibited with the motion, and the original answer did not
contain enough to amend by. If in such a case the motion should be
granted, the amendment would not be allowable, and the court would
be compelled to strike the original answer and again enter up verdict
and judgment in the plaintiff's favor.

DECIDED MARCH 19, 1912.

Motion to set aside judgment; from city court of Atlanta—Judge
Reid.   October 21, 1911.

*H. B. Moss, Moore & Branch,* for plaintiff in error.
*John Awtrey, George F. Gober,* contra.

POTTLE, J.   S. A. Anderson brought suit on a promissory note
against H. B. Moss and T. J. Moss as executors of the will of A. Y.
Moss.   Verdict and judgment were rendered in the plaintiff's favor.
During the term T. J. Moss filed a motion to set aside the verdict
and judgment against him, upon the ground that a consent agree-
ment had been entered into by the attorneys for both parties, un-
der the terms of which the case should not have been called for
trial at the term at which the verdict was rendered, and at which
time the attorney for the executors was absent.   The trial judge
overruled the motion, and this is the error assigned.

The truth of the statement of facts in the motion is vigorously
contested by the adversary counsel.   Much was said in the argu-
ment in reference to the power of the judge to entertain the motion,
and as to whether sufficient facts were set forth to authorize the
court to grant the relief prayed for, but we do not find it necessary
to discuss these questions.   The petition alleged that the note sued
on was executed by A. Y. Moss to the defendant H. B. Moss, and
indorsed by the latter over to the plaintiff.   There was a demurrer
to the petition, on the ground that, the plaintiff having waited
seventeen years to bring the action, his claim should be disallowed,
as a stale demand.   The answer admitted that the defendant T. J.
Moss   was   executor   as   alleged,   and   averred   that   he   was
unable to admit or deny whether A. Y. Moss had turned over the
note sued on to H. B. Moss, or whether the defendants were in-
debted to the plaintiff as alleged in the petition.   The only other

paragraph in the answer was as follows: "Further answering plaintiff's petition, from the best information that, defendant can obtain, plaintiff is not entitled to recover of defendant as executor any amount whatever."

It needs no argument to show that this answer utterly fails to set forth any defense whatever to the action. The motion to set aside the verdict and judgment averred that the defendant executor, since the filing of his original answer, had learned facts which made a valid defense to the suit; and a proposed amendment to the answer was exhibited with the motion. It is not at all certain that this amendment set forth a good defense, but even if it did, there was nothing in the original answer to amend by, and for this reason the amendment should not have been allowed. *Smith* v. *First Natl. Bank,* 115 *Ga.* 608 (41 S. E. 983). This being true, even if the defendant's motion had been granted and the verdict and judgment set aside and the case reinstated, it could not have availed him. The case would have stood just as it did before the verdict and judgment were entered. There was nothing on which an amendment setting forth a valid defense to the action could have been predicated, and the court would have been obliged to disallow the amendment, strike the original answer, and enter up, verdict and judgment against the defendants, as if the case had been in default. The note was under seal, and the suit was brought within the statutory limitation period. There was, therefore, no merit in the demurrer. For these reasons, without reference to other questions made in the record, the court did not err in refusing to grant the motion. A motion was made by the defendant in error to award damages, but we do not think, under all the facts and circumstances, that the appeal is so frivolous as to justify the granting of such motion.        *Judgment affirmed.*