6989. McMillan *v.* Fourth National Bank of Jacksonville.

Wade, C. J. 1. Without considering whether the first assignment of error in the bill of exceptions is properly before this court for determination, it is enough to say that the questions raised thereby have been adjudicated adversely to the plaintiff in error in *McMillan* v. *Fourth National Bank,* 17 *Ga. App.* 590 (87 S. E. 843).

2. The contract sued upon was unconditional except in so far as it provided for the payment of attorney's fees. The general denial in the original answer amounted only to a plea of general issue, and nowhere set up any legal defense, and the answer was not verified, and was properly stricken on demurrer, which was timely interposed. *Thomas* v. *Siesel,* 2 *Ga. App.* 663; *Johnson* v. *Cobb,* 100 *Ga.* 139 (2) (28 S. E. 72).

(a) There being no sufficient answer to support an amendment, the court did not err in refusing to allow an amendment attempting to set up a specific defense to the unconditional part of the contract. *Smith* v. *First National Bank,* 115 *Ga.* 608 (41 S. E. 983). In the case of *Simmons Furniture &c. Co.* v. *Reynolds,* 135 *Ga.* 595 (69 S. E. 913), it appears that no attack was made upon the plea by demurrer at the appearance term, and that case is therefore distinguishable on its facts from the case under consideration.

3. The court did not err in admitting in evidence the note sued upon for the purpose of establishing the right of the plaintiff to recover the attorney's fees therein stipulated for, since in the absence of a plea of non est factum the note was admissible without proof of its execution.

4. The court did not err in excluding the evidence of T. H. McMillan as to a certain payment, since in the plea of the defendant the amount of the principal and interest recoverable was not in dispute, and there was no plea of payment to authorize the introduction of such testimony, and the note itself provided for the payment of the specific sum of $500 as

attorney's fees, and only $450 as attorney's fees was asked for in the plaintiff's petition; so that any payment made on the principal and interest of the note could not affect the amount of attorney's fees recoverable under the contract. See *Prince* v. *Cochran,* 10 *Ga. App.* 495, 496 (73 S. E. 693); *Kahrs* v. *Kahrs,* 115 *Ga.* 288 (41 S. E. 649); *Smith* v. *Baker,* 137 *Ga.* 298 (72 S. E. 1093).

5. Nor did the court err in excluding other testimony of the defendant which did not relate exclusively to the question of attorney's fees, the only issue remaining in the case.

6. There was no error in the direction of the verdict complained of or in the rendition of the final judgment based upon said verdict, as, under the pleadings and the evidence, the verdict and judgment were demanded.                                        *Judgment affirmed.*

DECIDED JULY 19, 1916.

Complaint; from city court of Savannah—Judge Davis Freeman. July 10, 1915.

*P. W. Meldrim,* for plaintiff in error.

*Hitch & Denmark,* contra.