### 8358. RICHEY v. JOHNSON.

BLOODWORTH, J. 1. Where both a plea and a demurrer thereto are filed at the first term, and the record is silent as to any action being taken thereon at that term, it will be construed that the whole case, including the demurrer and plea, was "continued by the court"; and the demurrer thus continued loses none of its vitality by the fact that it was not "determined at the first term."

2. Where suit is brought on a promissory note, and the defendant in his plea makes a general denial of the paragraphs of the plaintiff's petition, this denial in general terms is but a plea of the general issue, and, since the act of 1893 (Ga. L. 1893, p. 56), is not issuable and is not a denial of the plaintiff's right of recovery under the system of defenses provided by that act. Such a plea was properly stricken on demurrer. *Johnson* v. *Cobb,* 100 *Ga.* 139 (2), 141 (28 S. E. 72); Civil Code (1910), § 5634; *McMillan* v. *Fourth National Bank,* 18 *Ga. App.* 445 (89 S. E. 635); *Akers* v. *Decatur Street Bank,* 16 *Ga. App.* 262 (2) (85 S. E. 201); *Thomas* v. *Siesel,* 2 *Ga. App.* 663 (58 S. E. 1131).

3. "The original plea having set up no defense whatever, an amendment, the purpose of which was to set up a defense not indicated by or referred to in such plea, was properly rejected on the ground that there was nothing to amend by." *Smith* v. *First National Bank,* 115 *Ga.* 608 (2) (41 S. E. 983).

(a) The instant case is easily distinguishable from the case of *Simmons Furniture & Lumber Co.* v. *Reynolds,* 135 *Ga.* 595 (69 S. E. 913). In that case no attack was made upon the plea at the appearance term, and the only objection to allowing the amendment was that "there was nothing to amend by." In this case demurrer was filed at the first term, and the amendment was objected to on the ground that "there was nothing to amend by, and that there was nothing in the original plea suggesting any legal defense whatever."

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*

DECIDED SEPTEMBER 19, 1917.

Complaint; from city court of Jefferson—Judge Mahaffey. December 12, 1916.

To an action on a promissory note the defendant filed at the first (June) term a plea which was but a general denial of the several paragraphs of the petition. A demurrer to this plea was

filed at the same term, on the ground that it set up no legal defense, amounted merely to the general issue, and was insufficient in law. No action on the demurrer was taken at the June term. At the September term the case was continued. At the December term the defendant offered an amendment to his plea, which was disallowed, and he excepted as follows: "Upon a demurrer being filed by the plaintiff in the above-stated case, at the first term, to the sufficiency of said plea, and heard at this term, but not being heard until an amendment to said plea had been offered, but not passed on, setting up a plea of recoupment or damages, then the plaintiff insisted on said demurrer being heard before allowing amendment, which said demurrer was sustained, and defendant's plea stricken, and amendment disallowed. Pendente lite exception is hereby taken to said rulings of said court on allowing demurrer and disallowing amendment. The above amendment and demurrer were offered as above set out, and the ruling of the court was as above set out." Upon certifying to the foregoing the trial judge added this note: "Plaintiff's counsel objected to the proposed amendment, on the ground that there was nothing to amend by, and that there was nothing in the original plea suggesting any legal defense whatever. The court was called on to hear the demurrer and amendment at the same time."

Judgment was rendered for the plaintiff for principal, interest, attorney's fees, and costs; and defendant excepted.

*E. C. Stark,* for plaintiff in error.

*Erwin, Rucker & Erwin,* contra.