*R. D. Meader,* for defendant.

---

14930.　KREISCHER *et al. v.* BANK OF LOUISVILLE.

STEPHENS, J.　1. An allegation in the petition in a suit upon a promissory note, that the defendant is indebted to the plaintiff on the note, which purports to be indorsed in blank by the payee, is an allegation to the effect that the plaintiff is the holder of the legal title to the note. *Parker-McCaskill Furniture Co.* v. *Saint Pasteur,* 29 *Ga. App.* 86 (113 S. E. 817).

2. An allegation that on a note payable to Sam M. Clark the indorser is Sam W. Clark may be amended by striking the allegation that Sam W. Clark is the indorser, and substituting an allegation that Sam M. Clark is the indorser.

3. In a suit upon a promissory note providing for the payment of attorney's fees, which contains an allegation of indebtedness by the defendant to the plaintiff in the principal sum of the note, including interest and ten per cent. of that amount as attorney's fees, and which alleges that the notice required under the Civil Code (1910), § 4252, was given, a plea denying these allegations denies the correctness of the amount sued for. But although such a plea denying liability is insufficient as a defense against a recovery for the principal and interest on the note (*Johnson* v. *Cobb,* 100 *Ga.* 139, 28 S. E. 72), it nevertheless denies the correctness of the amount sued for only in so far as it seeks to recover attorney's fees. See, in this connection, *Medlock* v. *Wood,* 4 *Ga. App.* 368 (2) (61 S. E. 516). It follows therefore that a judgment sustaining a general demurrer to the plea, "as to everything except the denial of allegations as to attorney's fees, which is left the sole issue in the case," is no more than a judgment overruling the general demurrer. An exception thereto by the defendant, upon the ground that it was erroneous because of striking on general demurrer a portion of a plea which was not wholly bad but which was good as against general demurrer, is without merit.

4. Such a plea, although it may be construed as an admission of liability except as to attorney's fees, presents a defense to the case as laid, and therefore is enough to amend by. This case is clearly distinguishable from *Peed* v. *Rowe,* 30 *Ga. App.* 626 (118 S. E. 475), *Richey* v. *Johnson,* 21 *Ga. App.* 41 (93 S. E. 514), and *Graves* v. *Denny,* 15 *Ga. App.* 718 (84 S. E. 187). Therefore an amendment, even after the first term, denying the plaintiff's right to recover in any amount on the note, is allowable. See Civil Code (1910), §§ 5640, 5681, 5682; *Mendel* v. *Miller,* 134 *Ga.* 610 (2) (68 S. E. 430); *Huger* v. *Cunningham,* 126 *Ga.* 684 (4) (56 S. E. 64); *Hagerstown Steam-Engine Co.* v. *Grizzard,* 86

*Ga.* 574 (2) (12 S. E. 939); *Millen Hotel Co.* v. *First National Bank of Millen,* 20 *Ga. App.* 701 (3) (93 S. E. 253); *Connor* v. *Hodges,* 7 *Ga. App.* 153 (6) (66 S. E. 546).

5. The amendment offered by the defendants, denying the genuineness of the alleged indorsement of the payee of the note, constituted a good defense against the plaintiff's right to recover on the note, and, being in proper form and properly sworn to in accordance with the provisions of the Civil Code (1910), § 5640, should not have been stricken. *Bruce* v. *Neal Bank,* 134 *Ga.* 364 (67 S. E. 819); *Ruby* v. *Boyett,* 19 *Ga. App.* 516 (91 S. E. 939).

6. The court having erred in rejecting the proposed amendment to the defendants' plea, the verdict and judgment thereafter rendered should be set aside.

> *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 22, 1924.   REHEARING DENIED OCTOBER 4, 1924.

Complaint; from city court of Thomasville—Judge Hammond. July 15, 1923.

*J. B. Burch,* for plaintiffs in error.

*Titus & Dekle,* contra.