21417. GREENWOOD *v.* GREENWOOD, administrator.

STEPHENS, J. 1. The parties to a case in the court below are proper parties in this court. Where a petition for certiorari, in which W. H. Greenwood, as temporary administrator of the estate of George W. Greenwood, was the defendant in certiorari in the superior court, had been overruled, W. H. Greenwood as such administrator was the proper party defendant to a bill of exceptions brought to this court by the plaintiff in certiorari, excepting to the judgment overruling the petition for certiorari. This is true notwithstanding the defendant in error, at the time of the rendition of the judgment complained of overruling the petition for certiorari and at the time the bill of exceptions was sued out, was not in fact an administrator for the designated estate. The bill of exceptions was not subject to dismissal upon the ground that the defendant in error was not a proper party thereto. The motion to dismiss the bill of exceptions is overruled.

2. In a suit upon a promissory note which provides for attorney's fees, a plea which admits the execution of the note and that it is the property of the plaintiff, but which denies that the defendant received notice of the plaintiff's intent to bring suit as required by law, and which contains no other denial of the plaintiff's right to recover, amounts to a general denial of the plaintiff's claim as made, and where no part of the plea has been stricken, the plea contains enough to amend by. *Kreischer* v. *Bank of Louisville,* 32 *Ga. App.* 699 (4) (124 S. E. 539). See also *Simmons Furniture &c. Co.* v. *Reynolds,* 135 *Ga.* 595 (69 S. E. 913). In the latter case the original plea, which was not stricken, admitted the execution of the note, but alleged that the defendants were "not liable on the note" and did "not owe the debt." It was there held that an amendment offered at a subsequent term of court was improperly disallowed on the ground that "there was nothing to amend by." The cases of *O'Kelly* v. *Welch,* 18 *Ga. App.* 157 (89 S. E. 76), *McMillan* v. *Fourth National Bank,* 18 *Ga. App.* 445 (2) (89 S. E. 635), and *Smith* v. *First National Bank,* 115 *Ga.* 608 (41 S. E. 983), are distinguishable in that in those cases the original plea, or a part of it, had been stricken.

3. An amendment to the plea, which was proffered at a subsequent term of court and which set up a valid defense, was improperly disallowed upon the ground that the original plea contained nothing to amend by. This

is true notwithstanding that among the defenses set up in the proffered amendment only one of them was legal and valid. See, in this connection, *White* v. *Little*, 139 *Ga.* 522 (4) (77 S. E. 646); *O'Kelly* v. *Welch*, 18 *Ga. App.* 157 (1 a) (89 S. E. 76).

4. The proffered amendment, in so far as it alleged that the plaintiff's intestate, who was the father of the defendant, was the payee of the note sued on, and that prior to the date of the execution of the note the defendant, at the intestate's request, paid the funeral expenses of the intestate's wife, who was the defendant's mother, in a designated sum, and that the intestate "accepted said payment by this defendant as a payment on said note and agreed to credit" on the note the money so paid on the funeral expenses, and that the defendant was entitled to this credit upon the note, set out a valid and legal defense. In so far, however, as the proffered amendment alleged that the defendant had, for a period of thirty-five months, taken care of and supported the plaintiff's intestate, who was the defendant's father, and who "had been dependent upon" the defendant during this time and was for a part of this time an invalid and "bedridden," and that the designated value of the services thus rendered by the defendant to his father should be credited upon the note sued on, failed to set out a valid claim against the father's estate, in that it failed to allege any express contract by the defendant's father to pay the defendant for such services, or any facts tending to show that the father became under any legal obligation to pay the defendant for such services. Civil Code (1910), § 5513; *Hudson* v. *Hudson*, 90 *Ga.* 581 (16 S. E. 349); *O'Kelly* v. *Faulkner*, 92 *Ga.* 521 (17 S. E. 847); *Edwards* v. *Smith*, 42 *Ga. App.* 730 (157 S. E. 348).

5. The court erred in rejecting the proffered amendment on objection by the plaintiff that there was "nothing in the original plea to amend by." The subsequent proceedings resulting in a verdict and judgment for the plaintiff were nugatory.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*