**RUCKERT v MATIL REALTY CO.**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18317. Decided Nov 3, 1941

˙ Irwin P. Pohl; Jas T. Cassidy, Cleveland, for plaintiff-appellant.

Sol Edgert, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J.

The appellant instituted this action against the appellee for damages, claiming personal injuries sustained because of defendant appellee's negligence. The appellee was the owner of an apartment house and the appellant was a tenant therein. Appellant's petition claims that the appellee was negligent in maintaining in a dangerous condition the basement floor which was used in common by the tenants, and as a proximate cause thereof she was injured.

Appellee, The Matil Realty Company, is an Ohio corporation. Hattie Felber was designated the statutory agent of the appellee and her address as filed with the Secretary of State was "Fenway Hall", 1986 East 107th Street, Cleveland, Ohio. The appellant filed her petition and precipe for service and the sheriff in following out the order for service, left the summons with the room clerk at the hotel who was stationed at the desk in the lobby.

The sheriff then made the following return.

"On the 12th day of August, 1940, I served this writ on the within named Matil Realty Company, a corporation, by leaving at 1986 East 107th St., a true and certified copy thereof, with all endorsements thereon, for Hattie Felber, statutory agent of the company, in compliance with §8623-129 GC. The President or other officers of said corporation not found in my County."

On September 13, 1940, the case was called for trial, the defendant appellee being in default of answer or demurrer, and failing to appear the plaintiff-appellant waived the right of trial by jury and submitted the case to the court. Upon hearing plaintiff's evidence the court on the same day rendered judgment against the defendant in the sum of $5000.00. The appellant waited until the next term of court, to-wit, February 4, 1941 and then levied execution on her judgment against the defendant-appellee which was returned "no money made". Whereupon, an aid of execution was filed and all of the tenants living in the property of the defendant were served on February 11, 1941. Thereafter the defendant filed a petition to vacate the judgment and to suspend the aid of execution proceedings which were then pending.

The court, upon hearing the petition to vacate the judgment, found that the defendant was not served with summons and had no notice of the pending action until the aid of execution proceedings were served and therefor the court was without jurisdiction. In other words, the court found that the sheriff, in leaving the summons with the clerk of the hotel in which the defendant was a resident, did not constitute service of process upon the defendant corporation as provided by law. The court, therefore, vacated the judgment and dismissed the proceedings in aid of execution. It is this order of the court that the appellant seeks to reverse by this appeal.

It is fundamental that the judgment of a court is void and of no force and

effect if the court is without jurisdiction of the subject-matter of the cause or has not attained jurisdiction of the parties. A defendant is brought before a court only when served with process, as provided by law, unless service is waived.

"A judgment entered as on default is clearly erroneous and reversible if, by reason of defects in the process or in the service thereof, jurisdiction over the defendant had not been obtained." 2 O. Jur. §860, page 1096. Adams v Jeffries, 12 Ohio 253.

Sec. 8623-129 GC, provides as follows:

"The incorporators, or a majority of them * * * shall file with the office of the Secretary of State, with the Articles of such corporation, a written appointment, in such terms as the Secretary of State may prescribe, of an agent of such corporation, upon whom process, tax notices or demands against such corporation may be served. * * * "Process in any suit, action or any proceeding against any corporation * * * may be served upon such corporation by delivering a copy thereof to its designated agent or by leaving a copy thereof at his address as the same appears upon the record in the office of the Secretary of State."

It is contended by the appellant that because members of the public are not permitted to go above the lobby floor to the halls leading to the rooms occupied by the guests, except upon the invitation of a guest, the sheriff could do nothing else, on attempting residence service, except to leave the summons at the place where the guests are accustomed to receive mail and notices. This might be true if such place was so arranged that access to it could only be had by the guest and so that the summons would go directly from the hands of the sheriff to the party intended to be served, without intervention of any unauthorized human agent. But where, as in this case, the summons is left in the custody of a hotel clerk who is in no way deputized

or authorized by law to serve others with legal process, and who is not required to make a return setting forth his conduct or what he did with the summons left with him, does not constitute "residence service" as required by law, or comply with the requirements of §8623-129 GC, which provides:

"or by leaving a copy thereof at his address as the same appears upon the records in the office of the Secretary of State."

Nor does a clerk in a hotel bear such relation to a permanent guest who makes his home in such hotel as in law to be considered a member of the guest's household so that delivery of a summons to such clerk will constitute service upon such guest on the theory that the summons was delivered to a member of such person's family or household within or in close proximity of his residence. The common law rule with regard to service requires that notice of suit, or proceedings, must come directly into the hands of the person of whom the court seeks to attain jurisdiction. The statutes therefore authorizing residence service or service by mail, are in derogation of the common law, and must be strictly construed.

Bowers on Process and Service, §259:

"Substitute service under the statutes is in derogation of such general rule and consequently the direction of the statute must be strictly construed and fully carried out to confer jurisdiction upon the courts."

The statute under consideration, §8623-129 GC, must be construed in the light of §11286 GC, in determining the manner or place of leaving a summons at the address filed with the Secretary of State, in order to constitute good service. What is provided for is "residence service" as defined by §11286 GC, except that the burden is upon the corporation to keep the proper address of its process agent on file with the Secretary of State and residence service perfected at the address given

will be good even though the agent has moved and is no longer at the address given.

The requirement necessary to perfect residence service, as defined by the above statute, is that the summons must be left within or at the residence of the process agent under such circumstances that it may be fairly presumed that he will receive it on behalf of the defendant.

Kletchke v C. H. Shupe & Sons, 15 N. P. (n.s.) 332.

32 O. Jur. 39, at page 421.

Leaving a summons on the door-step or pinning it to the door, or handing it to one not a member of the family or household of the person for whom service is intended or to a member of such person's family or household who was not at such time of such attempted service near or within the defendant's residence, is not sufficient to give the court jurisdiction of the defendant.

Premble v Dzewiecki, 8 Abs 304.

Kletchke v C. H. Shupe & Sons, 15 N. P. (n.s.) 332.

In the case of Heilemann v Clowney, 103 Atl. Rep. 687, the question of the sufficiency of service of summons was under consideration by the supreme court of New Jersey. The defendant lived in an apartment above a store room on the board walk at Atlantic City. The sheriff tried to perfect service by attempting to give same to the defendant's son who was then walking toward his home from the beach, but he refused to receive it. Thereupon he placed the summons under an outside street door, which was locked, and which door entered on to a hall that was used by defendant and her family in reaching her apartment, in common with those in the business place below. The defendant's son afterwards picked up the summons and gave it to the defendant's lawyer, defendant not being home at the time. The court held:

"A summons is not lawfully received by slipping said summons under a locked entrance door of a building leading into a hall which is used to communicate both with a business establishment, and a stairway leading to defendant's suite of apartments shut off by its own entrance."

We are aware of the holding of the Court of Appeals of Georgia in the case of McLeay v Davidson-Paxton Stokes, 88 S. E. 992, as follows:

"Under the facts of this case the court did not err in overruling the certioreri complaining of the judgment of a magistrate in finding against the traverse to a return of service filed by the defendant. Service was effected by leaving copies with the clerk in the office at a hotel or apartment house where the defendant made her place of abode. Ingress and egress to and from the apartment occupied by the defendant was had through the main hall or entrance of the building as well as otherwise; The case of Perry v Perry, 103 Ga. 706, 30 S. E. 663, is not in point, for in that case though the defendant resided in the same building with his son-in-law who conducted a drug store on the ground floor, the floor occupied by the defendant as a residence was so entirely separate and distinct from that occupied by his son-in-law as if in a different building."

From the record in this case, it clearly appears that the defendant received the summons and challenged the jurisdiction of the court, claiming that residence service had not been perfected. Unless this case can thus be said to be thus distinguished from the other cases cited, it cannot be supported by the great weight of authority.

In the Perry case, cited by the Georgia Court of Appeals, the summons was left with the defendant's son-in-law in a drug store which was below the living quarters of the defendant, his daughter and the said son-in-law. There was no entrance to the living quarters from the store and as indicated by the quotation, the court held that the delivery of the summons to the son-in-law for and on behalf of the defendant, while in the drug store directly below the living apartments was not good

service. The holding in this case is in accord with the great weight of authority and in direct conflict with the holding in the case of McLeay v Davidson-Paxton Stokes, supra.

We conclude, therefore, that a summons left with a room clerk of a hotel, which so far as the record discloses, was never received by the process agent of the defendant but who was at the time a resident of the hotel, does not in law constitute good service upon the defendant, it being neither personal service nor residence service, and the court did not thereby acquire jurisdiction of the defendant.

The judgment of the Court of Common Pleas is therefore affirmed. Exceptions may be noted.

LIEGHLEY, PJ., MORGAN, J., concur.