30554.  BOWDEN *v.* DAVISON-PAXON CO.

DECIDED JUNE 28, 1944.  REHEARING DENIED JULY 14, 1944.

*A. G. Smith, J. C. Bowden,* for plaintiff in error.
*Houston White,* contra.

SUTTON, P. J.   On November 24, 1943, Davison-Paxon Company filed suit against J. C. Bowden in the civil court of Fulton County, returnable to the December 1943 term of said court, for a balance of $32.55 principal, 23 cents interest, and attorney's fees, on a promissory note for the original principal sum of $65.68.   The deputy marshal of that court, on the same day, made the following return of service:   "I have this day served the defendant J. C.

Bowden, 463 Peachtree St., N. E., by leaving a copy of the action and summons at his most notorious place of abode in this county; delivered same into hands of Mrs. Jake Moore, inmate (white) person, described as follows: age, about 37 years; weight, about 135 pounds; height, about 5 feet and 8 inches, domiciled at the residence of defendant."

The defendant filed his answer on December 6, 1943 (the first day of the December term); and on December 7, 1943, he filed a traverse or motion in which he alleged that he did not get the copy of the summons and suit until four days before the beginning of the term to which it was made returnable, and asked that the suit be made returnable to the January, 1944, term of said court. A hearing was had on the traverse on December 10, 1943, and the defendant testified that he lived at 463 Peachtree St., N. E., in a room on the second floor of a rooming-house conducted by Mrs. Jake Moore; that a hallway extends from the front door of the rooming-house to the rear, where Mrs. Moore's living quarters are located, and that she placed the copy of the suit on a table in the hallway when it was left with her; that a stairway leads from the hallway, near the front door, to the second floor where the defendant's room is located; that in going to and from his room he does not go beyond the stairway in the hall, and that he did not get the copy of the suit from Mrs. Moore until Friday before the first Monday in December, 1943. The plaintiff introduced in evidence the defendant's answer with the date of filing and the return of service thereon. The court overruled the traverse, and the defendant filed exceptions pendente lite to that judgment. The case came on regularly for trial on January 25, 1944, and the court dismissed the defendant's plea and answer, and, after the note was introduced in evidence and proper proof of service of the notice to fix attorney's fees was made the court found in favor of the plaintiff, and rendered judgment against the defendant for the balance of the principal, interest, and attorney's fees sued for. The defendant made a motion for a new trial, which was overruled, and the appellate division of said court affirmed the judgment. The exception here is to that judgment, and also to the judgment overruling the traverse to the return of service.

■ The court did not err in overruling the traverse to the return of service. The defendant did not contend that the service was

void, but contended that he did not get the copy of the summons and suit until three days before the first Monday in December, 1943, this being the term to which the suit was made returnable, and asked that the suit be made returnable to the January term, 1944, of said court. The statute with reference to service of summons issued by the municipal court of Atlanta (now the civil court of Fulton County) provides: "Such suit or summons and copy shall be served by the marshal, or his deputy, by delivering a copy thereof to the defendant, or by leaving such copy with some person more than eighteen years old domiciled at the residence of the defendant; and the marshal, or his deputy, as the case may be, shall make return of service, stating the method thereof, and, when personal service is not made, the marshal or his deputy, as the case may be, shall state the place where the summons was left, with a brief description of the person with whom it was left, giving name of such person if possible. Each return of service shall show the date of such service." Ga. L. 1925, p. 379. The statute requires that the defendant be served at least eight days before the first day of the term to which the action is brought. Id. p. 378. According to the record in this case service was effected on the defendant in the manner prescribed by the statute more than eight days before the December term, 1943, of said court. The defendant lived at 463 Peachtree St., N. E., and ingress and egress to and from the room there occupied by him was through the front door and a part of the hallway of the rooming-house operated by Mrs. Jake Moore, and the same entrance, door, and hallway, led to Mrs. Moore's living quarters in the rear of the house. Service was made on the defendant by leaving a copy at his residence, as above stated. The case of *Perry* v. *Perry,* 103 *Ga.* 706 (30 S. E. 663), cited by the plaintiff in error, is not applicable to the present case; but the question now being dealt with in this case is controlled by the decisions in *McLeay* v. *Davison-Paxon-Stokes Co.,* 18 *Ga. App.* 134 (88 S. E. 992), and *Cooper* v. *Fourth Nat. Bk. of Atlanta,* 26 *Ga. App.,* 44 (105 S. E. 375). See the Code, §§ 24-1105, 81-202; and *Venable* v. *Long Realty Co.,* 46 *Ga. App.* 803, 804 (169 S. E. 322). Furthermore, the defendant appeared and filed his answer to the suit the day before he filed the traverse, and this was a waiver of all irregularities in the summons or service thereof. Code, § 81-209.

■ The court did not err in dismissing the answer. The suit was on a promissory note, and the answer did not set up any defense thereto, but merely denied certain paragraphs of the petition and neither admitted nor denied the allegations of the other paragraphs. *Johnson* v. *Cobb*, 100 *Ga.* 139 (2) (28 S. E. 72) ; *Gunn* v. *Head*, 116 *Ga.* 325, 327 (42 S. E. 343) ; *Pyron* v. *Ruohs*, 120 *Ga.* 1060 (5) (48 S. E. 434) ; *Richey* v. *Johnson*, 21 *Ga. App.* 41 (2) (93 S. E. 514).

■ The court did not err in rendering judgment in favor of the plaintiff against the defendant for the balance of the principal, interest, and attorney's fees on the note sued on, after the plaintiff had introduced the note in evidence and made proof of the notice to the defendant to fix the claim for attorney's fees.

■ The appellate division of the civil court of Fulton County did not err in affirming the judgment overruling the motion for a new trial. *Judgment affirmed. Felton and Parker, JJ., concur.*