MARLOW, Plaintiff-Appellant, v. McSWEENEY, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23080. Decided November 17, 1954.

Nathan M. Botwin, Cleveland, for plaintiff-appellant.
Sam H. Griff, Cleveland, for defendant-appellee.

## OPINION

PER CURIAM:

This is an action seeking to vacate a default judgment taken March 12, 1937, which judgment had become dormant. A motion for revivor was filed September 29, 1953, execution issued Oct. 2, 1953 and the petition to vacate the judgment for want of jurisdiction was filed Oct. 20, 1953.

The evidence on the trial of the petition to vacate is uncontradicted that the precipe for service of summons upon defendant directed the

sheriff to serve the defendant at 15702 Holmes Avenue in Cleveland, Ohio. The residence building at 15702 Holmes Ave. is a multiple dwelling-house containing four separate suites. The house number is over the front door of the suite in the front of the first floor. This entrance has no connection with any other suite in the building. The suite occupied by the defendant at the time service of summons was attempted, was on the second floor in the front, the only entrance to which was from a side door facing East 157th Street. This was also the only entrance to the other two suites in the building, one being at the rear of the building on the first floor and the other to the rear of the building on the second floor. The suite occupied by the defendant and the other two suites reached through the side door entrance had no number separately designating such suite or suites.

The only evidence before the court on the motion to vacate the default judgment for lack of jurisdiction was that presented by the defendant and his witnesses in which he categorically denied ever having received the summons or having any knowledge whatever that he was the defendant in the action.

The physical circumstances which are uncontradicted, together with the defendant's sworn testimony, presented sufficient evidence upon which the court would be justified in vacating the judgment and setting the case down for trial on its merits. We are supported in this conclusion by the decision of this court in the case of **Ruckert v. Matil Realty Co.**, 35 Abs 324, 40 N. E. 2d, 688; Bowers on Process and Service, parag. 259; **Kingsborough v. Tousley**, 56 Oh St 450; **Hayes v. Kentucky Bank**, 125 Oh St 359, and **Lenz v. Frank, Treas.**, 152 Oh St 153.

Judgment affirmed. Exc. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.