37790.  KINGERY *v.* YANCEY BROTHERS COMPANY.

Decided September 14, 1959.

180

*Frank G. Wilson,* for plaintiff in error.

*George E. Saliba,* contra.

FELTON, Chief Judge. "Where in an answer by paragraphs to a petition bringing suit on a promissory note, a defendant makes in answer to one paragraph a general denial of the indebtedness as alleged in the petition, and such answer nowhere sets up any legal defense, such denial is in effect a plea of the general issue, and was properly stricken on demurrer." *Johnson* v. *Cobb,* 100 *Ga.* 139 (2) (28 S. E. 72). *Thomas & McCafferty* v. *Siesel,* 2 *Ga. App.* 663 (7) (58 S. E. 1131); *Dickson* v. *Bond,* 18 *Ga. App.* 45 (2) (88 S. E. 825); *Richey* v. *Johnson,* 21 *Ga. App.* 41 (93 S. E. 514); *Bowden* v. *Davison-Paxon Co.,* 71 *Ga. App.* 379, 382 (31 S. E. 2d 83). In his original answer, defendant pleaded that only about $100 of the work done by the plaintiff was authorized by him. Yet the plea shows on its face that the defendant ratified the allegedly unauthorized portion of the work done by giving notes for $634.35 in payment thereof. "One who gives a note, or makes an unconditional promise in writing for the payment of a debt after the same has been contracted, waives all defenses of which he had full knowledge at the time such a settlement by written contract was made." *Atlanta Consolidated Bottling Co.* v. *Hutchinson & Sons,* 109 *Ga.* 550, 552 (35 S. E. 124) and cases cited.

Under these circumstances, the original answer of the defendant nowhere sets up a legal defense to the suit on promissory notes executed by him and there was nothing for him to amend by. "The original plea having set up no defense whatever, an amendment, the purpose of which was to set up a defense not indicated by or referred to in such plea, was properly rejected on the ground that there was nothing to amend by." *Smith* v. *First*

*Nat. Bank,* 115 *Ga.* 608 (2) (41 S. E. 983) ; *Moss* v. *Anderson,* 10 *Ga. App.* 784 (74 S. E. 299) ; *McMillan* v. *Fourth Nat. Bank,* 18 *Ga. App.* 445 (2) (89 S. E. 635) ; *Richey* v. *Johnson,* 21 *Ga. App.* 41, supra; *Caudell* v. *Nabstedt,* 22 *Ga. App.* 694 (1) (97 S. E. 99). The defendant's admission of the receipt of statutory notice regarding attorney's fees is sufficient to remove this case from the ruling in *Kreischer* v. *Bank of Louisville,* 32 *Ga. App.* 699 (3) (124 S. E. 539) and *Greenwood* v. *Greenwood,* 44 *Ga. App.* 847 (3) (163 S. E. 317), to the effect that a denial of the receipt of statutory notice as to attorney's fees constitutes enough to amend by.

The court did not err in sustaining the general demurrers and objections to the original answer, which set up no defense whatever, and proffered amendments which alone alleged a failure of consideration due to faulty repairs.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*