SOURS ET AL., APPELLEES, *v.* STATE OF OHIO, DEPARTMENT
OF HIGHWAYS, APPELLANT.*

(No. 4992—Decided June 29, 1960.)

*Messrs. Hershey, Browne, Wilson, Steel, Cook & Wolfe,* for appellees.

*Mr. Mark McElroy,* attorney general, and *Mr. W. B. Furnier,* for appellant.

STEVENS, J. The action out of which this appeal arises was one seeking the vacation of a judgment after term, said judgment vesting an easement for highway purposes in the state of Ohio, over the property of Ralph W. and Rose C. Sours, as the result of appropriation proceedings.

In that action it was the claim of the plaintiffs that the leaving of certified copies of the resolution and finding of the Director of Highways of the state of Ohio, and a summons, hung by a rubber band, on the outer doorknob of the side door to the usual place of residence of plaintiffs, behind an unlocked storm door, did not constitute valid residence service; that the court was therefore without jurisdiction to enter its judgment, vesting an easement in the state over such property, after the expiration of the time for appeal.

Upon hearing, the trial court, upon the evidence, resolved the issues in favor of plaintiffs, and vacated such judgment. The Director of Highways has appealed on questions of law.

---

*Judgment affirmed, 172 Ohio St., 242.

hold

Two errors are assigned:
1. The judgment is contrary to law.
2. The judgment is manifestly against the weight of the evidence.

Section 2703.08, Revised Code, provides:

"Service shall be made at any time before the return day, by delivering a copy of the summons, with the indorsements thereon, to the defendant personally, or by leaving a copy *at his usual place of residence* * * *." (Emphasis ours.)

We are called upon to determine the meaning of the phrase, "at his usual place of residence," as used in the above statute.

In defining the word "at" in Webster's New International Dictionary (Second Ed.), 1953, 172, the following appears: "* * * Thus, *at* the house may be *in* or *near* the house."

It would scarcely be argued that due process of law would permit the leaving of a summons, which was to be served upon a defendant, in the yard at defendant's usual place of residence, although that might be near the residence.

In 42 American Jurisprudence, Process, Section 65, it is stated:

"The object of all process, whether by personal notice or by publication, is to give the person to be affected by the judgment sought notice thereof and an opportunity to defend. The efficacy of substituted or constructive service of process, when allowable, rests upon the presumption that notice will be given in a manner which is calculated to impart knowledge to the person who is to be notified. Its adequacy, so far as due process of law is concerned, is dependent on whether or not the particular form of service is reasonably calculated to give the defendant *actual notice* of the proceedings and an opportunity to be heard. In providing for substituted * * * service on individuals, a statute must incorporate provisions reasonably designed to give the defendant notice of the initiation of litigation against him or a reasonable method of imparting such notice, otherwise it is not consistent with the requirement of due process of law. To dispense with personal service, the substitute that is most likely to reach the defendant is the least that ought to be required if substantial justice is to be done." (Emphasis ours.)

The case of *Kletchko* v. *C. H. Shupp & Son*, 15 N. P. (N. S.),

332, holds that, in substituted service, the summons must be left within the dwelling where service is directed to be made.

The rule therein announced has been followed with approval by the Court of Appeals in *Ruckert* v. *Matil Realty Co.*, 35 Ohio Law Abs., 324. See, also, *Marlow* v. *McSweeney*, 71 Ohio Law Abs., 234.

We do not find the judgment to be contrary to law, or against the weight of the evidence.

We are unanimously of the opinion that the evidence in this record was of such character as justified the trial court in vacating the judgment sought to be vacated.

*Judgment affirmed.*

DOYLE, P. J., and HUNSICKER, J., concur.