39096.   HOWARD v. JONES MOTOR COMPANY.

DECIDED SEPTEMBER 26, 1961.

*Casey Thigpen*, for plaintiff in error.

*M. W. Dukes*, contra.

EBERHARDT, Judge. ■ If the petition had not sought the recovery of attorney's fees the answer in the nature of a general denial would have presented no issuable defense, and a demurrer or motion to strike would have been good. *Johnson v. Cobb*, 100 Ga. 139, 141 (28 SE 72); *Thomas & McCafferty v. Siesel*, 2 Ga. App. 663 (58 SE 1131); *McMillan v. Fourth Nat. Bank*, 19 Ga. App. 445 (89 SE 635); *Akers v. Decatur Street Bank*, 16 Ga. App. 262 (85 SE 201); *Richey v. Johnson*, 21 Ga. App. 41 (93 SE 514); *Bowden v. Davison-Paxon Co.*, 71 Ga. App. 379, 382 (31 SE2d 83).

However, since there was a prayer for the recovery of attorney's fees, a denial of the allegation that the defendant had been served with written notice to bind her for the payment thereof did present an issuable defense as to that, and the demurrer or motion to strike was not good. *Dickson v. Saloshin*, 54 Ga. 117; *Walton v. William Hester Marble Co.*, 17 Ga. App. 75 (86 SE 279); *DeLaigle v. Shuptrine*, 21 Ga. App. 697 (94 SE 904); *Tuxworth v. Barber*, 21 Ga. App. 748 (94 SE 1042); *Dawson Production Credit Assn. v. Connelly*, 61 Ga. App. 889 (8 SE2d 424). Neither the act of 1953 (Ga. L. 1953, p. 545), amending Code § 20-506, nor *Moore v. Trailmobile, Inc.*, 94 Ga. App. 892 (96 SE2d 529) in which the Code section, as amended, is construed to make the attorney's fees liquidated damages, requires a different conclusion. Under the Code section, as amended, the maker of the note must still be given notice of the holder's intention to enforce the provisions for payment thereof before he can be held. A general denial raises the factual issue as to whether such a notice was given.

And since defendant offered her amendment before plaintiff amended the petition striking therefrom all reference to attorney's fees, it should have been allowed, for there was at that stage "enough to amend by" in the answer. Code §§ 81-1301, 81-1302. While it is true that a petition that sets out *no cause of action whatever*, or an answer that sets up *no legal defense whatever*,

is not amendable (*Davis v. Muscogee Mfg. Co.*, 106 Ga. 126, 32 SE 30; *Richey v. Johnson*, 21 Ga. App. 41, supra), yet where, as here, the answer does make *some* issuable defense, it may be amended. The right to amend, when it exists, is, as Justice Bleckley said in *Murphy v. Peabody*, 63 Ga. 522, 524, "as broad as the doctrine of universal salvation." *Orr Stationery Co. v. Dr. Bell & Lee Drug Co.*, 4 Ga. App. 702, 704 (62 SE 471). And see, *Davis v. Muscogee Mfg. Co.*, 106 Ga. 126, 128, supra. The amendment here, timely offered, raised a defense involving factual matters to be resolved by a jury, and it was error to enter up judgment against the defendant. *Cowart v. Bush*, 142 Ga. 48 (82 SE 441).

■ The name of the plaintiff, "Jones Motor Company," imports a corporation. *Charles v. Valdosta Foundry &c. Co.*, 4 Ga. App. 733 (62 SE 493); *Stephens v. Bibb Investment Co.*, 54 Ga. App. 321 (187 SE 709). The existence of the corporation can only be denied by a proper plea of nul tiel corporation. *J. Ben Wilson & Co. v. Sprague Mowing Machine Co.*, 55 Ga. 672; *Bass v. African Methodist Episcopal Church*, 155 Ga. 57 (9) (116 SE 816). There was no error in overruling defendant's motion to dismiss the petition.

*Judgment reversed. Carlisle, P. J., and Nichols, J., concur.*