39309.   ARNOLD v. ARNOLD.

DECIDED FEBRUARY 16, 1962.

*Jean E. Johnson, Sr.,* for plaintiff in error.

*Pittman & Crowe,* contra.

FELTON, Chief Judge. 1. The only two questions which could be raised in this case are (1) whether the order of the court in a proceeding for custody subsequent to the original alimony judgment so amended the original judgment for alimony and child support in which no separate sum for the wife and child was specified as to separate the sums due for alimony from those for child support, and (2) whether the alimony to which

the wife was entitled should be stopped as of the date of her remarriage. The first question is eliminated as a partial defense by the fact that no judgment was sought or obtained for the $20 per week ordered paid for the support of the child after the original alimony and support judgment. If the answer or the introduction of evidence without objection or the appearance of the marriage certificate in the record had raised the question whether the former wife's alimony payments should have been stopped as of the date of her remarriage, the Supreme Court would have had jurisdiction and the case would not have been transferred to this court. The effect of the transfer to this court can only mean that neither of the above questions is raised in this case. The answer in this case simply denies that the amount sued for is due. This is in effect nothing but a plea of the general issue, is insufficient and was properly stricken on demurrer. *Richey v. Johnson*, 21 Ga. App. 41 (2) (93 SE 514). Since this is true and since there is no error shown in the record or otherwise which is reviewable by this court, the judgment of the trial court is affirmed.

*Judgment affirmed. Bell and Hall, JJ., concur.*