### 42178.  PALMER TIRE COMPANY v. L. & H. ACCEPTANCE CORPORATION.

HALL, Judge.  The plaintiff brought this action as transferee on a note executed by the defendant.  The defendant appeals from the trial court's judgment for the plaintiff for principal, interest, and attorney's fees provided for in the note.  The allegations of the defendant's answer did not set up a valid defense to the indebtedness for principal and interest due unconditionally under the terms of the note.  The answer denied the allegation of the petition that the plaintiff had given written notice to the defendant (required by law as a condition to the enforcement of the obligation to pay attorney's fees) that unless the balance due on the note was paid within ten days the provision for attorney's fees would be enforced.

When the original answer to a suit on a note does not set up any legal defense to the unconditional contract for payment of principal and interest, but only denies that defendant was given the notice required by law (*Code* § 20-506, as amended Ga. L. 1946, p. 761; Ga. L. 1953, p. 545; Ga. L. 1957, p. 264) as a condition to the enforcement of the provisions of the note for the payment of attorney's fees, the answer is not amendable to set up a defense to the unconditional part of the contract.  *O'Kelley v. Welch*, 18 Ga. App. 157 (89 SE 76); *McMillan v. Fourth Nat. Bank of Jacksonville*, 18 Ga. App. 445 (89 SE 635); *Kingery v. Yancey Bros. Co.*, 100 Ga. App. 178, 180 (110 SE2d 411).  But see *Kreischer v. Bank*

of *Louisville*, 32 Ga. App. 699 (124 SE 539); *Greenwood v. Greenwood*, 44 Ga. App. 847 (163 SE 317); and *Howard v. Jones Motor Co.*, 104 Ga. App. 440 (121 SE2d 915), which appear to be inconsistent with the earlier decisions cited supra. The trial court did not err in sustaining the plaintiff's general demurrer to the answer and plea except insofar as it denied receipt of the notice alleged to have been given to enforce the provisions of the note to collect attorney's fees, nor in sustaining the plaintiff's objections to the defendant's amendments on the ground that the original answer set up no valid defense under oath and was not amendable.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

ARGUED JULY 6, 1966—DECIDED SEPTEMBER 6, 1966—
REHEARING DENIED SEPTEMBER 21, 1966—

*Westmoreland & Patterson, Carl E. Westmoreland, W. Wheeler Bryan*, for appellant.

*George E. Saliba*, for appellee.