43098, 43099. SINGLETON, by Next Friend v. RARY (two cases).

EBERHARDT, Judge. 1. It is error to sustain a general demurrer to a petition seeking recovery on a promissory note in which it is alleged that the defendant is indebted to plaintiff thereunder in a specific sum, besides interest and attorney's fees, a photostatic copy of the note and of a notice of intent to sue thereon and hold the maker for the attorney's fees as therein provided being attached as exhibits.

Defendant's contention that the exhibits "cannot be read with clarity," and hence that since the validity of the suit is dependent thereon a general demurrer was properly sustained, is without merit. The exhibits attached, as they appear in the record transmitted to this court, are clearly legible. If they were not legible it would be a matter reached by special rather than general demurrer.

2. There was no error in sustaining a special demurrer on the ground of irrelevancy and striking a copy of a letter addressed to the defendant, attached as Exhibit C, in which the notes were described and the defendant was requested to make payment.

3. The defendant's answer simply denied all paragraphs of the

petition and plaintiff moved to strike or dismiss the answer since it amounted to no more than a plea of the general issue against an unconditional contract in writing. Other than the denial of the giving of the notice to bind the defendant for the payment of attorney's fees the answer was a plea of the general issue, setting up no legal defense, and could not be amended to set up a defense to the unconditional part of the contract. Except as to the denial of the notice for attorney's fees, the answer should have been stricken. *Palmer Tire Co. v. L. & H. Acceptance Corp.*, 114 Ga. App. 314 (151 SE2d 178).

*Judgment reversed. Felton, C. J., and Hall, J., concur.*

ARGUED OCTOBER 2, 1967—DECIDED OCTOBER 6, 1967.

*Wall, Armstrong & Fuller, Hilton M. Fuller, Jr.*, for appellant. *Larry W. Thomason*, for appellee.