43322. GODFREY v. FARM & RESORT REALTY COMPANY, INC.

HALL, Judge. The plaintiff brought this action for principal, interest and attorney's fees on a note executed by the defendant. The answer made a general denial of the indebtedness as alleged in the petition and also denied the allegation in the petition that the plaintiff gave the notice required by *Code Ann.* § 20-506 in order to recover attorney's fees provided by the note. Four months subsequent to the filing of this answer the plaintiff filed a general demurrer to the

answer. Prior to the ruling on the demurrer, the defendant offered an amendment to its answer alleging a failure of consideration and set forth a cross claim for damages against the plaintiff. The plaintiff objected to the allowance of the amendment on ground that the original answer set forth no defense and that the amendment was filed too late. The plaintiff appeals from the trial court's order overruling the general demurrer and allowing the amendment. The case being filed prior to September, 1967, the trial court applied the old rules of practice and procedure.

Where a demurrer is timely filed (*Code Ann.* § 81-301) to an answer which does not set up any legal defense to an unconditional contract for payment of principal and interest, but only denies that defendant was given notice as to attorney's fees, it is proper for the trial court to sustain the demurrer except insofar as it denied receipt of the notice and also to sustain an objection to any amendment setting up a defense to the unconditional part of the contract. *Palmer Tire Co. v. L. & H. Acceptance Corp.*, 114 Ga. App. 314 (151 SE2d 178); *Singleton v. Rary*, 116 Ga. App. 476 (157 SE2d 645). However, where some part of an answer is sufficient (denial of receipt of notice as to attorney's fees), it is proper for the trial judge to overrule a general demurrer to the answer as a whole. *Glaze v. Fulton Nat. Bank of Atlanta*, 114 Ga. App. 291 (151 SE2d 478). Furthermore, where no attack is made upon the answer within the time provided in *Code Ann.* § 81-301, it is not error for the trial court to allow an amendment to be filed to the defendant's answer even though the original answer amounted to a plea of the general issue. *Simmons Furniture &c. Co. v. Reynolds*, 135 Ga. 595 (69 SE 913); *Wilson v. Barrow*, 107 Ga. App. 555 (2) (130 SE2d 812).

The trial court did not err in overruling the general demurrer to the answer or in overruling the objection to the defendant's amendment.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*

Submitted January 10, 1968—Decided January 22, 1968.

*Maylon K. London*, for appellant.
*Ben F. Carr*, for appellee.